United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 21, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-31016
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOMAS ANTHONY BAIN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
(5:04-CR-50008-ALL)
--------------------

Before WIENER, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Thomas Anthony Bain appeals his conditional guilty-plea convictions for conspiracy to possess with intent to distribute 50 grams or more of methamphetamine and possession with intent to distribute 50 grams or more of methamphetamine. Bain argues that the district court erred by denying his motion to suppress evidence and statements obtained as a result of a traffic stop. He contends that the traffic stop was unlawfully prolonged after the computer check on his license was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

completed, thereby invalidating his consent to the search of his car. He asserts that the search of the cigarette package containing a marijuana cigarette was beyond the scope of the protective search for weapons that was being conducted when the marijuana cigarette was found, making his arrest for possession of marijuana unlawful. He maintains that the search of the safe in his car containing methamphetamine was illegal because he did not consent to the search of the safe and because his arrest was unlawful.

In reviewing the denial of a motion to suppress, we review the district court's factual findings for clear error and review the district "court's ultimate conclusions on Fourth Amendment issues drawn from those facts" de novo. United States v. Santiago, 310 F.3d 336, 340 (5th Cir. 2002). We view the evidence introduced at the suppression hearing in the light most favorable to the prevailing party. Id.

The computer check of Bain's license revealed that his license was suspended, giving the officer probable cause to arrest Bain, meeting a higher standard than the reasonable suspicion standard necessary to continue the traffic stop. See United States v. Baker, 47 F.3d 691, 693 (5th Cir. 1995) (probable cause more stringent standard than reasonable suspicion). Accordingly, the prolonging of Bain's detention did not violate the Fourth Amendment. See United States v. Gonzalez, 328 F.3d 755, 758 (5th Cir. 2003).

An arrest does not violate the Fourth Amendment if the officer making the arrest has probable cause to arrest the defendant for any crime, regardless of whether the defendant can be lawfully arrested for the crime for which the officer states or believes he is making the arrest. Devenpeck v. Alford, 125 S.Ct. 588, 593-95 (2004). As the officers had probable cause to arrest Bain for driving on a suspended license, Bain's arrest was lawful even if the search of the cigarette package containing the marijuana cigarette violated the Fourth Amendment. See id. Likewise, Bain's arrest was lawful, the subsequent search of the car safe containing methamphetamine was a legal search incident to a valid arrest. See New York v. Belton, 453 U.S. 454, 460-61 (1981).

We do not reach the issue whether the search of the cigarette package violated the Fourth Amendment because the marijuana cigarette would have been discovered inevitably during the legal search of the car after Bain's arrest and was not suppressible regardless of whether it was initially obtained illegally. See United States v. Seals, 987 F.2d 1102, 1108 (5th Cir. 1993). Neither do we reach the issue whether Bain's consent to the search of the car was valid because none of the challenged evidence was suppressible, even in the absence of consent.

AFFIRMED.