United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 30, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

—————————————

No. 04-41382
Summary Calendar

—————————————

JOSE YBARRA DOMINGUEZ,

                                                    Plaintiff-Appellant,

versus

KEVIN MOORE; ET AL.,

                                                    Defendants,

KEVIN MOORE; JOHN MOORE; JOHN DOE;
JOHN DOES, 21-30, Correctional Officers,

                                                    Defendants-Appellees.

—————————————————————————————————————

Appeal from the United States District Court for
the Eastern District of Texas
(USDC No. 6:04-CV-245)

—————————————————————————————————————

Before REAVLEY, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

———————————————

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

Jose Ybarra Dominguez, Texas prisoner # 833815 proceeding in forma pauperis, appeals from the dismissal of his 42 U.S.C. § 1983 complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) for frivolity and for failure to state a claim, respectively, following a Spears hearing. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). Reviewing the dismissal as frivolous for an abuse of discretion and the dismissal for failure to state a claim de novo, we reverse the district court's judgment for the following reasons:

1.     An in forma pauperis (IFP) complaint may be dismissed as frivolous under § 1915(e)(2)(B)(i) if it lacks an arguable basis in law or fact, i.e., "if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997) (citations omitted). An IFP complaint may be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim only if, assuming plaintiff's factual allegations are true, it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. See Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999).

2.     "To succeed on an excessive force claim [under 42 U.S.C. § 1983], a plaintiff bears the burden of showing (1) an injury (2) which resulted directly and only from the use of force that was excessive to the need and (3) the force used was objectively unreasonable." Glenn v. City of Tyler,

2

242 F.3d 307, 314 (5th Cir. 2001) (internal quotation marks omitted). Under this standard, Dominguez's complaint has an arguable basis in law and, assuming his factual allegations are true, states a claim upon which relief can be granted.

3. Dominguez has alleged an injury that is more than de minimis as required to survive dismissal of his excessive force complaint as frivolous. Id. Dominguez's complaint alleged that, because of the refusal to loosen his handcuffs, his hands became "grossly swollen" and "painful," with deep cuts appearing "around both wrists where the handcuffs were embedded into his flesh." He further alleged that he has permanent scarring and "now suffers from nerve injury . . . caused by the long-term wearing of over-tight handcuffs and the black box." The district court erred in holding that Dominguez must show that he suffered a significant injury in order to proceed on his IFP complaint. See id. (recognizing that injury is no longer required to be significant in the context of an excessive force claim).

4. Dominguez's medical records were improperly used at the Spears hearing to counter his injury allegations because the records did not show those allegations to be implausible. See Williams v. Luna, 909 F.2d 121, 124 (5th Cir. 1990) (holding that reliance on a prisoner's medical records to refute his testimony is improper unless such records indicate his allegations of injury are inherently implausible).

3

5. Dominguez's complaint alleged that the force used against him was excessive to the need and objectively unreasonable. We have held that determination of excessive force includes consideration of the need for the application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Gomez v. Chandler, 163 F.3d 921, 923 (5th Cir. 1999). Dominguez alleged that (1) prisoners taken to outside hospitals were not usually shackled to their beds with five-point restraints and a black box as he was, (2) while he was at the hospital he was under constant security by two correctional officers, one of whom was armed, limiting the need for restraint, (3) he had been restrained for seven consecutive days, part of which time he was in a coma, before an effort was made to temper the severity of the force used; and (4) the black box was ultimately removed for the final three days of his hospital stay.

6. We have also recognized that the use of restraints for punitive purposes is violative of the Constitution. See Fulford v. King, 692 F.2d 11, 14-15 (5th Cir. 1982) (holding that the eighth amendment's prohibition against cruel and unusual punishment is implicated when handcuffs or restraints are used to subject a prisoner to "great pain" either "deliberately, as punishment, or mindlessly, with indifference to the prisoner's humanity"). Dominguez's complaint specifically alleged that his black-box handcuffs were ordered to

4

be affixed "extra tight" to punish him both for his crime and for allegedly exposing himself to the hospital nurses. Dominguez further alleged that the correctional officers deliberately tightened the handcuffs back into existing wounds after the cuffs were loosened for feeding. He also alleged that the correctional officers refused to uncuff him to allow use of the toilet or bath, laughing and joking that Dominguez had to urinate and defecate in his hospital bed.

7.     The district court's judgment of dismissal is reversed and this case is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.