**Eduardo HOLGUIN, Plaintiff,**

v.

**Trini LOPEZ, K.W. Bill Mansion and Socorro Police Officer Robles, Defendants.**

**No. EP–07–CV–436–PRM.**

United States District Court,
W.D. Texas,
El Paso Division.

Oct. 28, 2008.

---

Ray Vasquez Gutierrez, Law Office of Ray Gutierrez, El Paso, TX, for Plaintiff.

Eric M. Brittain, Windle, Hood, Alley, Norton, Brittain & Jay, El Paso, TX, for Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

PHILIP R. MARTINEZ, District Judge.

On this day, the Court considered Defendant Officer Oscar Robles's ("Officer Robles") "Local Rule CV–12 Motion to Dismiss," filed on April 15, 2008, and Plaintiff Eduardo Holguin's ("Holguin") "Response in Opposition to Defendant's Motion to Dismiss and Brief in Support," filed on April 28, 2008, in the above-captioned cause. After due consideration, the Court is of the opinion that Officer Robles's Motion should be granted in part and denied in part for the reasons set forth below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 2, 2005, Holguin received a call from Veneranda Soltero, a former girlfriend, asking him to retrieve some personal belongings he left in her home. Pl.'s First Am. Compl. ¶¶ 9–10. Upon arrival, Holguin "noticed a lot of items were missing, so [he] asked [Soltero] to give [him] the rest of [his] belongings." Id. ¶ 11. Soltero refused, demanded that he leave, and called "the police or 911." Id. ¶ 14. Realizing that Soltero had called the police, Holguin exited the house and began walking toward his truck. Id. ¶¶ 14–15. As Holguin placed some of his belongings in his truck, he "noticed [a] police car approaching [so he] moved out of [his] truck and walked over to the police car." Id. After Officer Robles exited the police

car, he instructed Holguin to "put [his] things on the hood [of the truck] and spread [his] legs." *Id.* ¶ 17. According to Holguin, "Officer Robles, using excessive force, kicked [his] ankles hard and screamed [that he] open [his legs] wider, causing excruciating pain to [his] left ankle." *Id.* During this time, Officer Robles allegedly handcuffed Holguin "so tight" that Holguin's left hand is still swollen and numb from the incident. *Id.* ¶ 18. Thereafter, Officer Robles arrested Holguin for DWI and phone harassment.[1] *Id.* ¶ 21. In light of his DWI arrest, Holguin allegedly told Officer Robles (1) that he was not driving his truck, (2) that his keys were not in the ignition, and (3) that his truck was not running.[2] *Id.* ¶ 22. Regardless, Officer Robles transported and detained Holguin at the Socorro Police Jail. *Id.*

Aside from various state law claims,[3] Pl.'s First Am. Compl. ¶¶ 37–44, Holguin also brought suit against Officer Robles in his individual and official capacities under 42 U.S.C. § 1983, *id.* ¶¶ 34–35. Specifically, Holguin alleges that Officer Robles violated his constitutional rights by (1) arresting him without probable cause and (2) using excessive force in handcuffing him. *Id.* ¶¶ 10, 27, 31. In the instant Motion, Officer Robles seeks a stay of discovery and asks the Court to dismiss the claims against him in his individual capacity on the basis of qualified immunity. Def.'s Mot. to Dismiss ¶¶ 2–3. Holguin, in turn,

opposes the Motion, arguing that his First Amended Complaint "adequately set[s] forth sufficient questions of fact to assert [his] claims." Pl.'s Resp. to Def.'s Mot. to Dismiss 3. The Court addresses the Motion below.

## II. LEGAL STANDARD

### A. Rule 12(b)(6) Motion

Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED.R.CIV.P. 12(b)(6). However, "the motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.,* 677 F.2d 1045, 1050 (5th Cir.1982) (quotation omitted). To resolve a Rule 12(b)(6) motion, courts must determine "whether in the light most favorable to the plaintiff and with every doubt resolved on his behalf, the complaint states any valid claim for relief." *Gregson v. Zurich Am. Ins. Co.,* 322 F.3d 883, 885 (5th Cir.2003) (internal quotation omitted). The complaint " 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.' " *Cuvillier v. Taylor,* 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly,*

---

1. Officer Robles asked Holguin whether he would take a field sobriety test. Pl.'s First Am. Compl. ¶ 21. Although Holguin allegedly said he would comply, he claims that Officer Robles did not conduct the sobriety test. *Id.* ¶¶ 27–28. While detained at the Socorro Police Jail, however, Holguin refused to take a breathalyser test. *Id.* ¶ 28.

2. According to Holguin, the County Court at Law Number Four in El Paso, Texas dismissed his criminal charges. Pl.'s First Am. Compl. ¶ 32; Pl.'s Resp. to Def.'s Mot. to Dismiss 2.

3. Besides the § 1983 action, Holguin brings state law claims of assault, intentional infliction of emotional distress, malicious interference with business or occupation, false arrest, false imprisonment, and malicious prosecution against Officer Robles. Pl.'s First Am. Compl. ¶¶ 33–55; Pl.'s Resp. to Def.'s Mot. to Dismiss 2. Not addressed here, however, are Holguin's claims of respondent superior and negligent hiring against Socorro Chief of Police K.W. Bill Mansion and Socorro Mayor Trini Lopez.

550 U.S. 544, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007)).

## B. Qualified Immunity

Section 1983 provides a cause of action for individuals who have been "deprived of any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person or entity acting under color of state law.[4] 42 U.S.C. § 1983. However, qualified immunity shields state actors performing discretionary functions from liability unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *McClendon v. City of Columbia*, 305 F.3d 314, 322 (5th Cir.2002) (en banc) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)); *Mace v. City of Palestine*, 333 F.3d 621, 623 (5th Cir.2003).

■ To determine whether a state actor is entitled to qualified immunity, the Court must employ a two-prong test. *Martinez–Aguero v. Gonzalez*, 459 F.3d 618, 621 (5th Cir.2006). First, the Court must evaluate whether "in the light most favorable to the party asserting the injury, the facts alleged show the officer's conduct violated a constitutional right." *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). If so, the Court then "consider[s] whether the [officer]'s actions were objectively unreasonable in light of clearly established law at the time of the conduct in question." *Freeman v. Gore*, 483 F.3d 404, 411 (5th Cir.2007). "The touchstone of this inquiry is whether a reasonable person would have believed that his conduct conformed to the constitutional standard in light of the information available to him and the clearly established law." *Goodson v. Corpus Christi*, 202 F.3d 730, 736 (5th Cir.2000). This means that even law enforcement officials who "reasonably but mistakenly [commit a constitutional violation]" are entitled to immunity. *Hunter v. Bryant*, 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991); *Glenn v. City of Tyler*, 242 F.3d 307, 312 (5th Cir.2001).

■ When a defendant, as here, asserts qualified immunity in a motion to dismiss, "it is the defendant's conduct as alleged in the complaint that is scrutinized for 'objective legal reasonableness.' " *McClendon*, 305 F.3d at 323 (quoting *Behrens v. Pelletier*, 516 U.S. 299, 309, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996)). The plaintiff has the burden to "plead specific facts that, if proved, would overcome the individual defendant's immunity defense; [however,] complaints containing conclusory allegations, absent reference to material facts, will not survive motions to dismiss." *Jackson v. Beaumont Police Dep't*, 958 F.2d 616, 620 (5th Cir.1992).

## III. ANALYSIS

### A. Unlawful Arrest

■ Holguin argues that Officer Robles arrested him without probable cause. Pl.'s Resp. to Defs.' Mot. to Dismiss 4. The Fourth Amendment requires that an arrest be supported by a properly issued arrest warrant or probable cause. *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655 (5th Cir.2004). "Probable cause exists

---

4. Title 42 U.S.C. § 1983 states in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Id.* at 655–56. An arrest is lawful "if the officer making the arrest has probable cause to arrest the defendant for any crime, regardless of whether the defendant can lawfully be arrested for the crime for which the officer states or believes he is making the arrest." *United States v. Bain,* 135 Fed.Appx. 695, 697 (5th Cir.2005).

Here, Officer Robles arrested Holguin for driving while intoxicated and making harassing phone calls. Pl.'s First Am. Compl. ¶ 27. Under Texas law, "[a] person commits an offense if the person is intoxicated *while driving or operating* a motor vehicle in a public place." Tex. Penal Code Ann. § 49.04 (2007) (emphasis added). "[T]o prove operation, the evidence must show that the defendant, while intoxicated, exerted personal effort to cause the vehicle to function." *Barton v. Texas,* 882 S.W.2d 456, 459 (Tex.App.-Dallas 1994, no pet. h.) (quotation omitted). However, Holguin claims (1) that he was not driving his truck; (2) that his keys were not in the ignition, and (3) that his truck was not running. Pl.'s First Am. Compl. ¶ 22; *see* Pl.'s Resp. to Def.'s Mot. to Dismiss 5 (noting that Holguin was not "behind the wheel of the vehicle"). In support of his allegations,[5] Holguin states, in relevant part:

> The DPS Officer asked me, "are you sure, [sic] he did not pull you over?" I said, "Yes sir. I'm sure he did not pull me over. He did not." Then he asked, "Was [sic] the keys in the ignition and was the engine running?" I said, "No

sir." Then he asked, "We're [sic] you sitting inside the vehicle?" I said, "No sir. I walked over, [sic] when the Officer arrived at the address, I walked over to his vehicle and he put me under arrest for DWI and phone harassment." At that time the DPS Officer said, "Hold on." He opened the door called Officer Robles and asked Robles if he had pulled me over. Officer Robles said, "NO."

Pl.'s First Am. Compl. ¶¶ 25–26.

Taking these allegations as true, as the Court must, the Court finds it unlikely for a reasonable person in Officer Robles's position, in light of the clearly established law, to conclude that Holguin was driving while intoxicated.[6] *See Haggerty,* 391 F.3d at 655–56. Accordingly, viewing the facts in a light most favorable to Holguin, the Court concludes that Holguin has sufficiently alleged that Officer Robles did not have probable cause to arrest him.

### B. Excessive Force

■ Holguin next claims that Officer Robles used excessive force. Pl.'s First Am. Compl. ¶ 35. To succeed on an excessive force claim, Holguin bears the burden of showing "(1) an injury (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Tarver v. City of Edna,* 410 F.3d 745, 751 (5th Cir.2005). Although a showing of "significant injury" is no longer required, *Williams v. Bramer,* 180 F.3d 699, 703 (5th Cir.1999), an injury must be "more than de minimis" to justify a finding of excessive force, *see, e.g., Bush v. Strain,* 513 F.3d 492, 501 (5th Cir.2008) (noting that "some injuries are so minor that they are insufficient to satisfy the injury ele-

---

5. According to Holguin, Officer Robles did not conduct a breathalyser or field sobriety test on Holguin during the incident. Pl.'s First Am. Compl. ¶¶ 21, 27–28.

6. Additionally, there are no factual allegations here that Holguin made any phone calls, let alone harassing ones, to enable Officer Robles to arrest Holguin.

ment as a matter of law"). "The injury must be evaluated in the context in which the force was deployed." *Glenn,* 242 F.3d at 314; *Ikerd v. Blair,* 101 F.3d 430, 434 (5th Cir.1996). In other words, the Court should consider "the severity of the crime at issue, whether the suspect poses an immediate threat to safety of the officer or others, and whether he is actively resisting arrest or attempting to evade arrest by flight," *Graham,* 490 U.S. at 396, 109 S.Ct. 1865.

■ Holguin maintains that Officer Robles "kicked [his] ankles hard and screamed [that he] open [his legs] wider, causing excruciating pain to [his] left ankle." Pl.'s First Am. Compl. ¶ 17. Additionally, Holguin maintains that Officer Robles handcuffed him "so tight" that his left hand is still swollen and numb from the incident. *Id.* ¶ 18. In short, Holguin alleges physical injuries which apparently persist to this day. *Id.* The Fifth Circuit has found injuries similar to those alleged by Holguin sufficient to establish an excessive force claim. *See, e.g., Dominguez v. Moore,* 149 Fed.Appx. 281, 283 (5th Cir. 2005) (finding that officer's refusal to loosen handcuffs constituted excessive force because plaintiff's hands became "grossly swollen" and resulted in permanent scarring and nerve injury); *Heitschmidt v. City of Houston,* 161 F.3d 834, 839 (5th Cir.1998) (holding that officer used excessive force in handcuffing plaintiff for four hours and causing permanent injury). Accordingly, considering the nature of Holguin's physical injuries and the Fifth Circuit's legal precedents when considering similar injuries, the Court concludes that Holguin's injuries are conceivably more than "de minimus."

■ Despite the Court's finding that Holguin sustained more than "de minimus" injuries, the Court must next consider whether Holguin's allegations, taken as true, demonstrate that Officer Robles act-

ed in a "clearly unreasonable" manner. *Tarver,* 410 F.3d at 751. As previously stated, the factors relevant to this inquiry include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Martinez–Aguero,* 459 F.3d at 626 (quoting *Graham v. Connor,* 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)). "Unreasonable actions include ... restraints that cause unnecessary pain or are imposed for a prolonged and unnecessary period of time." *L.A. County v. Rettele,* 550 U.S. 609, ——, 127 S.Ct. 1989, 1993, 167 L.Ed.2d 974 (2007).

Here, there is no indication that Holguin resisted arrest, attempted to flee, or threatened the safety of Officer Robles or Soltero during the arrest. Pl.'s First Am. Compl. ¶ 22 (noting that Holguin "did not leave"). To the contrary, Holguin consistently maintains that he approached Officer Robles when he saw the police car.

> He said, "You were going to leave." I said, "No, I was not. If you notice the gate is still open because I still needed to get my 10 foot fiber glass ladder worth $400. There was no way that I was going to leave that behind. Besides, I was not leaving, because I knew she had called 911 and had seen two police cars parked at the store earlier. And when I walked over to my truck I saw the police car coming toward the house, so I was not going to leave."

Pl.'s First Am. Compl. ¶ 23; *see also id.* ¶ 25 ("I told [the DPS Officer] that Officer Robles was answering a 911 call and I *walked* to his police vehicle. I was not leaving.") (emphasis in original).

Measuring the objective reasonableness of Officer Robles's conduct, the Court finds that Officer Robles employed an unreasonable amount of force in restraining Holguin in a manner causing unnecessary

pain. *See, e.g., Bush*, 513 F.3d at 502 (denying qualified immunity because plaintiff was not resisting arrest or attempting to flee); *Martinez–Aguero*, 459 F.3d at 626 (upholding excessive force claim where plaintiff "alleges that she was entirely docile and compliant"). Taking Holguin's allegations as true, the Court concludes Holguin states a cognizable excessive force claim since he alleges injuries resulting from force that was seemingly excessive and objectively unreasonable in light of the circumstances. The Court, therefore, declines to dismiss the excessive force claim against Officer Robles on the basis of qualified immunity.

### C. State Law Claims

Turning to state law, Holguin brings claims of intentional infliction of emotional distress, malicious prosecution, malicious interference with business or occupation, respondeat superior, negligent hiring, false arrest, false imprisonment, and assault.[7] Pl.'s First Am. Compl. ¶¶ 33–55; Pl.'s Resp. to Def.'s Mot. to Dismiss 2.

#### 1. Intentional Infliction of Emotional Distress ("IIED")

 First, Holguin asserts an IIED claim against Officer Robles. Pl.'s First Am. Compl. ¶¶ 37–39. To state a prima facie claim for IIED under Texas law, a plaintiff must show: "(1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and out-

rageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the resulting emotional distress was severe." *Hoffmann–La Roche, Inc. v. Zeltwanger*, 144 S.W.3d 438, 445 (Tex. 2004).

 However, this type of claim is available only "in those rare instances in which a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress." *Id.* at 447 ("The tort's clear purpose ... was to supplement existing forms of recovery by providing a cause of action for egregious conduct that might otherwise go unremedied."). As such, "where the gravamen of a plaintiff's complaint is actually another tort, such as a constitutional civil rights violation or false imprisonment, a cause of action for intentional infliction of emotional distress is not available." *Burkett v. City of El Paso*, 513 F.Supp.2d 800, 825 (W.D.Tex. 2007) (quoting *Hoffmann–La Roche*, 144 S.W.3d at 447–48). Because Holguin's IIED claim against Officer Robles is based on the same operative facts as his claims for constitutional violations, the Court finds that Holguin cannot pursue his IIED claim as a matter of law. Accordingly, the Court dismisses Holguin's IIED claim against Officer Robles.

#### 2. Malicious Prosecution

 Holguin next brings a malicious prosecution claim against Officer Robles.[8]

---

7. "Texas law of official immunity is substantially the same as federal qualified immunity law." *Wren v. Towe*, 130 F.3d 1154, 1160 (5th Cir.1997). Under Texas law, law enforcement officers are entitled to official immunity for conduct that is "(1) within the scope of their authority (2) in performing their discretionary duties (3) in good faith." *Ballantyne v. Champion Builders, Inc.*, 144 S.W.3d 417, 424 (Tex.2004). An officer's decision to arrest is discretionary. *City of Lancaster v. Chambers*, 883 S.W.2d 650, 654 (Tex.

1994). An officer acts with good faith when "a reasonably prudent officer, under the same or similar circumstances, could have believed that his conduct was justified based on the information he possessed when the conduct occurred." *Telthorster v. Tennell*, 92 S.W.3d 457, 465 (Tex.2002).

8. Holguin additionally brings a claim for malicious interference with business or occupation, arguing that he had to "forego other contracting business opportunities and other ventures during the period that these unlaw-

Pl.'s First Am. Compl. ¶ 54. In Texas, a plaintiff bringing a malicious prosecution claim must establish: "(1) the commencement of a criminal prosecution against the plaintiff; (2) causation (initial or procurement) of the action by defendant; (3) termination of the prosecution in the plaintiff's favor; (4) the plaintiff's innocence; (5) the absence of probable cause; (6) malice in filing the charge; and (7) damage to the plaintiff." *Richey v. Brookshire Grocery Co.*, 952 S.W.2d 515, 517 (Tex.1997). "Courts must presume that the defendant acted reasonably and had probable cause to initiate criminal proceedings. To rebut this presumption, the plaintiff must produce evidence that the motives, grounds, beliefs, or other information upon which the defendant acted did not constitute probable cause." *Kroger Tex. LP v. Suberu*, 216 S.W.3d 788, 793 (Tex.2006) (citation omitted). The malice element may be inferred from a lack of probable cause. *Id.* at 798.

▆▆▆▆ After reviewing these elements and taking Holguin's allegations as true, the Court finds that Holguin has sufficiently pled a claim for malicious prosecution. Here, although Officer Robles arrested and charged Holguin with DWI and phone harassment, Pl.'s First Am. Compl. ¶ 21, the County Court at Law Number Four in El Paso County, Texas dismissed Holguin's criminal charges on January 30, 2006, *id.* ¶ 32. Aside from having his charges dismissed, Holguin maintains, and the Court agrees, that Officer Robles lacked probable cause to arrest him. *Id.* ¶ 52. To support his claim that Officer Robles maliciously filed the charges, Holguin alleges, in part:

> Then, Officer Robles came back and was talking to Officer Villanueva laughing and I heard him say, "Can you believe it? She won't press charges, because he doesn't have any money." Then I heard Officer Robles tell Villanueva, "I don't give a fuck, I'm going to take him away anyway."

*Id.* ¶ 20. Accordingly, taking this statement in context along with the other relevant factors, the Court finds that Holguin alleges a cognizable malicious prosecution claim.

### 3. False Arrest/False Imprisonment

▆▆▆▆ Furthermore, Holguin contends Officer Robles falsely arrested and imprisoned him. To prevail, Holguin must show that a reasonable officer in Officer Robles's position could not have reasonably believed he had probable cause to arrest him. *Haggerty*, 391 F.3d at 658; *see also Villegas v. Griffin Indus.*, 975 S.W.2d 745, 754 (Tex.App.-Corpus Christi 1998, pet. denied) (stating that false imprisonment turns on "whether the officers had probable cause to effect an arrest"). After drawing all reasonable inferences in Holguin's favor, the Court finds, as noted earlier, that Holguin has sufficiently alleged that Officer Robles did not have probable cause to arrest him. Accordingly, the Court declines to dismiss Holguin's claims for false arrest and false imprisonment under state law.

### 4. Assault

▆▆▆ Finally, Holguin brings a claim of assault against Officer Robles. In Texas, "[a] person commits an assault if he intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative." TEX. PEN.CODE § 22.01(a)(3) (2007). Although an officer making an

---

ful activities was [sic] performed." Pl.'s First Am. Compl. ¶ 44. Because Holguin fails to provide the Court with any factual or legal grounds for relief, the Court dismisses Holguin's claim for malicious interference with business or occupation.

arrest is permitted to use all reasonable means to effect the arrest, TEX.CRIM. PROC. art. 15.24 (2007), "[n]o greater force ... [can] be resorted to than is necessary to secure the arrest and detention of the accused," *id.* Because Holguin alleges injuries resulting from force that was seemingly excessive given the circumstances of the arrest, the Court finds that Holguin sets forth a valid assault claim.

## IV. CONCLUSION

Based on the foregoing, the Court is of the opinion that Officer Robles's Motion to Dismiss should be granted in part and denied in part. In this vein, the Court holds that Holguin's claims for intentional infliction of emotional distress and malicious interference with business or occupation should be dismissed. Finally, the Court denies Officer Robles's request for a stay of discovery.

Accordingly, **IT IS ORDERED** that Defendant Officer Robles's "Local Rule CV–12 Motion to Dismiss" (Docket No. 15) is **GRANTED IN PART** and **DENIED IN PART.**

**IT IS FURTHER ORDERED** that Holguin's claims for intentional infliction of emotional distress and malicious interference with business or occupation against Defendant Officer Robles be **DISMISSED.**