Ben Morton **BARTON**, Jr., Appellant,

v.

The **STATE** of Texas, Appellee.

No. 05–93–01563–Cr.

Court of Appeals of Texas, Dallas.

July 22, 1994.

---

Kenneth A. Mayfield, Dallas, for appellant.

Donald G. Davis, Dallas, for appellee.

Before McGARRY, C.J., and LAGARDE and ROSENBERG, JJ.

## OPINION

ROSENBERG, Justice.

Ben Morton Barton, Jr. appeals his conviction for driving while intoxicated. After a bench trial, the court convicted appellant and sentenced him to ninety days in jail, probated, and a $500 fine. Appellant claims that the evidence is insufficient to support his conviction. We overrule appellant's point of error and affirm the trial court's judgment.

The record reflects that at approximately 2:45 on a Saturday morning, Dallas police officer D.K. Nahoolewa approached appellant's vehicle on Fair Oaks Boulevard. Appellant's vehicle, with its engine idling and the transmission in neutral, was stopped on the roadway. The vehicle was located partially in an intersection controlled by a flashing yellow light. Appellant was sitting behind the wheel, asleep, with one foot on the brake and the other foot on the clutch. Appellant was alone, and there was no indication of another person in or near the vehicle.

Officer Nahoolewa tapped on the door in an attempt to arouse appellant. Unable to wake him, Nahoolewa opened the door and turned off the ignition. Then, the officer tapped on top of the truck and yelled at appellant. When appellant awoke, he attempted to drive his truck. After engaging the clutch, appellant put the gear shift into first and let out the clutch in an attempt to drive away. When appellant realized that the engine was not running, appellant reached to start the truck. Officer Nahoolewa then told appellant to step out of his vehicle. Officer Nahoolewa conducted several sobriety tests and arrested appellant.

Appellant contends that the evidence is insufficient to show that he, while intoxicated, operated the vehicle. Appellant relies on four cases in which, on similar facts, the appellate courts have held the evidence insufficient to show operation of a motor vehicle.[1] See Ballard v. State, 757 S.W.2d 389 (Tex. App.—Houston [1st Dist.] 1988, no pet.); McCafferty v. State, 748 S.W.2d 489 (Tex. App.—Houston [1st Dist.] 1988, pet. ref'd); Reddie v. State, 736 S.W.2d 923 (Tex.App.—San Antonio 1987, pet. ref'd); Sinast v. State, 688 S.W.2d 631 (Tex.App.—Corpus Christi 1985, pet. ref'd).

■ In reviewing the sufficiency of the evidence, we evaluate the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). This standard supports the trial court's responsibility, as the trier of fact, to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Jackson, 443 U.S. at 319, 99 S.Ct. at 2789.

The Texas "driving while intoxicated" law provides:

A person commits an offense if the person is intoxicated while driving or operating a motor vehicle in a public place.

TEX.REV.CIV.STAT.ANN. art. 6701l–1(b) (Vernon Supp.1994).

While appellant does not contest the court's finding that he was intoxicated in a public place at the time of his arrest, he contends that the evidence is insufficient to show that he was driving or operating the motor vehicle while intoxicated. But, each of appellant's authorities utilize the pre-Geesa standard requiring that circumstantial evidence exclude all reasonable hypotheses raised by the evidence except the defendant's guilt. For example, the defendant in Reddie was found asleep in an intoxicated state in his idling vehicle in "parked" gear without any indication of how he had arrived there or what he was doing in the driver's seat. 736 S.W.2d at 927. The court concluded that

the fact that the motor is running and the gear is in the park position supports an inference that the person found intoxicated and sleeping behind the wheel caused the car to function in this way at some time. We conclude there exist other reasonable hypotheses.

Reddie, 736 S.W.2d at 927 (emphasis added).

■ In applying the reasonable alternative hypothesis analysis, "[t]he correct procedure involves accepting the inculpatory circumstances ... and then asking if there is a reasonable hypothesis other than guilt which would also account for such circumstances." Girard v. State, 631 S.W.2d 162, 164 (Tex. Crim.App.1982); see Gunter v. State, 858 S.W.2d 430, 439 (Tex.Crim.App.), cert. denied, —— U.S. ——, 114 S.Ct. 318, 126 L.Ed.2d 265 (1993). The Texas Court of Criminal Appeals has rejected the "reasonable hypothesis" analytical construct as a method of appellate review for evidentiary sufficiency in cases tried after November 6, 1991. Geesa v. State, 820 S.W.2d 154, 162 (Tex.Crim.App.1991).

---

**1.** In response, the State cites four cases in which, on similar facts, the appellate courts found the evidence sufficient to show operation. See Garza v. State, 846 S.W.2d 936 (Tex.App.—Houston [1st Dist.] 1993, pet. ref'd); Ray v. State, 816 S.W.2d 97 (Tex.App.—Dallas 1991, no pet.); Pope v. State, 802 S.W.2d 418 (Tex.App.—Austin 1991, no pet.); Boyle v. State, 778 S.W.2d 113 (Tex. App.—Houston [14th Dist.] 1989, no pet.).

Now, a reviewing court examines both direct and circumstantial evidence in the same manner. We do not consider whether the evidence eliminates all reasonable hypotheses other than guilt. *Geesa*, 820 S.W.2d at 162. We do not disregard reasonable inferences that can be drawn from the circumstantial evidence. *See Benavides v. State*, 763 S.W.2d 587, 588–89 (Tex.App.—Corpus Christi 1988, pet. ref'd). We look to the totality of the circumstances surrounding the entire incident. *Cf. Criner v. State*, 860 S.W.2d 84, 86–87 (Tex.Crim.App.1993). We evaluate each circumstantial evidence case on its own facts. Each case stands or falls on the cumulative effect of the trial evidence produced. *See Alexander v. State*, 740 S.W.2d 749, 758 (Tex.Crim.App.1987). This reviewing court positions itself as a final due process safeguard, ensuring only the rationality of the fact finder. *Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Crim.App.1988). Therefore, appellant's authorities are not controlling and are of limited value.

We will examine both the direct and circumstantial evidence, viewed in the light most favorable to the verdict, to determine if a rational trier of fact could have believed beyond a reasonable doubt that appellant, while intoxicated, was operating his motor vehicle.

There is no statutory definition of "operate." However, the plain meaning of the word requires "effort, the doing of something by the operator." *Reddie*, 736 S.W.2d at 926. In *Reddie*, the court held that to prove operation, the evidence must show that the defendant, while intoxicated, "exerted personal effort to cause the vehicle to function." 736 S.W.2d at 926. The court concluded that the evidence must show that "the defendant performed an act to affect the *functioning* of the vehicle." *Reddie*, 736 S.W.2d at 927 (emphasis added).

In the present case, appellant equates a motor vehicle's "functioning" with its movement or non-movement. Appellant contends that there is no evidence to show that he exerted personal effort to keep the vehicle from moving; therefore, he exerted no personal effort to cause the vehicle to function. *See Garza*, 846 S.W.2d at 938. Appellant argues that there is no evidence that his foot was depressing the brake pedal to hold the car in place. The State claims that a rational fact finder, based on the circumstantial evidence, could have inferred that appellant's foot on the brake kept the car from moving or rolling, thereby exerting personal effort to cause the vehicle to function.

We do not accept the contention that to operate a vehicle within the meaning of the statute, the driver's personal effort must cause the automobile to either move or not move.[2] Purposely causing or restraining actual movement is not the only definition of "operating" a motor vehicle. In other words, we examine the totality of the circumstances to determine if appellant exerted personal effort upon his vehicle in a manner that shows intentional use of the vehicle for its intended purpose. We hold that the evidence is sufficient to show operation of a motor vehicle where the totality of the circumstances demonstrates that the defendant took action to affect the functioning of his vehicle in a manner that would enable the vehicle's use.

Here, appellant's vehicle, with its engine idling, was standing still in the roadway protruding into an intersection controlled by a flashing yellow light. Appellant was asleep behind the wheel, with his feet on the clutch and brake. Appellant was alone in his truck in the early morning hours. When the officer aroused appellant, he immediately exerted personal effort to control his truck and affect its functioning. Appellant engaged the clutch, changed gears, released the clutch, and then reached to start the engine which had been turned off by the officer.

Viewed in the light most favorable to the verdict, the circumstantial evidence indicates that appellant exerted personal effort to control his vehicle to affect its functioning. Further, the truck's idling engine and location on

---

**2.** In *Reddie,* the court stated that "no one saw appellant parking the car, manipulating the gear or ignition." 736 S.W.2d at 925.

the roadway indicate that it was being used in a public place. We conclude that the evidence, together with reasonable inferences drawn therefrom, is sufficient to show that appellant was operating his motor vehicle while intoxicated. *See Boyle v. State,* 778 S.W.2d 113, 114 (Tex.App.—Houston [14th Dist.] 1989, no pet.). We overrule appellant's point of error.

We affirm the trial court's judgment.