NO. 07-04-0339-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



AUGUST 24, 2005



______________________________


 

VICTOR VASQUEZ, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE



_________________________________



FROM THE COUNTY COURT OF HALE COUNTY;



NO. 2002C-948; HONORABLE BILL HOLLARS, JUDGE


_______________________________




Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION


 Appellant Victor Vasquez appeals his conviction for the offense of driving while
intoxicated. Appellant contends that the evidence was not legally sufficient to support his
conviction. We affirm.

 During the early morning of October 27, 2002, Department of Public Safety Trooper
Jerry Johnson observed a pickup truck parked on the shoulder of Interstate 27 with its
lights off. During Johnson's investigation, he discovered three individuals asleep in the
truck, including appellant who was asleep in the driver's seat of the vehicle. Johnson
observed cans of beer in the vehicle and smelled a strong odor of alcohol. During
Johnson's discussion with appellant, appellant stated that he had stopped and parked the
vehicle because he was not feeling right. After performing field sobriety tests, Johnson
arrested appellant for driving while intoxicated.

 At trial, appellant stipulated that he was intoxicated at the time of Johnson's
investigation. However, appellant testified that he had not driven the truck and that he
could, therefore, not be convicted for driving while intoxicated. The trial court found
appellant guilty of the offense of driving while intoxicated and sentenced him to 180 days
confinement in the Hale County Jail, a $500 fine, and suspension of his driver's license for
90 days. From this conviction, appellant appeals.

 We review legal sufficiency by viewing the evidence in the light most favorable to the
verdict to determine if any rational fact finder could have found the essential elements of
the crime beyond a reasonable doubt. King v. State, 29 S.W.3d 556, 562 (Tex.Crim.App.
2000). The conviction will be sustained unless it is irrational or unsupported by more than
a mere modicum of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Crim.App.
1988). The fact finder is the sole judge of the credibility of the witnesses and of the weight
to be afforded their testimony. Barnes v. State, 876 S.W.2d 316, 321 (Tex.Crim.App.
1994). Reconciliation of conflicts and contradictions in the evidence is within the fact
finder's province and is usually conclusive. See Van Zandt v. State, 932 S.W.2d 88, 96
(Tex.App.-El Paso 1996, pet. ref'd).

 To establish the offense of driving while intoxicated, the State must prove the
defendant was intoxicated while operating a motor vehicle in a public place. Tex. Pen.
Code Ann. § 49.04(a) (Vernon 2003). The statute does not, however, define the term
"operate." See Barton v. State, 882 S.W.2d 456, 459 (Tex.App.-Dallas 1994, no pet.). 
Operation of a motor vehicle is found when the totality of the circumstances demonstrate
that the defendant took action to affect the functioning of a vehicle in a manner that would
enable the vehicle's use. See Denton v. State, 911 S.W.2d 388, 390 (Tex.Crim.App. 1995). 

 In the present case, appellant contends that he took no action that would affect the
truck in a manner that would enable its use. Appellant testified that he did not drive the
truck to the location of Johnson's investigation. However, Johnson testified that appellant
said, at the time of Johnson's investigation, that he stopped and parked the vehicle
because he was not feeling well. Appellant did not object to this testimony. As appellant's
and Johnson's testimony regarding whether appellant drove the vehicle to the location of
Johnson's investigation is in conflict, and viewing the evidence in the light most favorable
to the verdict, we conclude that the fact finder could reasonably conclude and that more
than a mere modicum of evidence supports a finding that appellant was "operating" the
truck in a public place while intoxicated. See Moreno, 755 S.W.2d at 867. Thus, we hold
that the evidence is legally sufficient to sustain appellant's conviction.

 Accordingly, we affirm the judgment of the trial court.

 Mackey K. Hancock

Do not publish. Justice



nhideWhenUsed="false" Name="Medium List 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-09-0221-CR

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL A

 

FEBRUARY 18, 2010

 

______________________________

 

 

KALMINE SHANELL MENSON, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 

_________________________________

 

FROM THE 47TH DISTRICT COURT OF RANDALL
COUNTY;

 

NO. 19,085-A; HONORABLE HAL MINER, JUDGE

 

_______________________________

 

 

Before CAMPBELL and HANCOCK and PIRTLE,
JJ.

 

ABATEMENT AND REMAND

On June 18, 2007, Appellant was charged by information with
the second degree felony offense of aggravated assault.[1]
The information also contained an enhancement paragraph alleging that Appellant
had previously been convicted of the felony offense of aggravated robbery.[2]  Pursuant to a plea bargain, Appellant was
placed on deferred adjudication community supervision.  In 2009, the State filed a motion to proceed,
alleging ten violations of the terms and conditions of community supervision.   Appellant entered a plea of "not true"
to those allegations.  After a hearing on
the State's motion, the trial court found seven of the ten allegations to be
true, and adjudicated Appellant guilty of the charged offense.  

At the commencement of the punishment phase of the
proceeding, no plea was taken as to the enhancement allegation.  Brief testimony was presented that Appellant
had previously been adjudicated as a juvenile for the offense of aggravated
robbery, but no order of adjudication was offered and no evidence was presented
as to when that offense was committed.[3]  At the conclusion of the hearing, no § 12.42 finding was made as to whether
Appellant had previously either been convicted of a felony or adjudicated
guilty of delinquent conduct occurring after January 1, 1996.  The trial court then sentenced Appellant to
twenty-five years confinement and a $2,000 fine.  In presenting this appeal, counsel has filed
an Anders[4]
brief in support of a motion to withdraw. 
For the reasons expressed herein, we abate this appeal and remand this
cause to the trial court for appointment of new counsel. 

When faced with an Anders brief, an appellate court
has a duty to conduct a full examination of the proceeding, and if its
independent inquiry reveals a nonfrivolous or arguable ground for appeal, it
must abate the proceeding and remand the case to the trial court so that new
counsel can be appointed to brief the issues.  See Penson v. Ohio, 488 U.S. 75, 109
S.Ct. 346, 102 L.Ed.2d 300 (1988); Bledsoe v. State, 178 S.W.3d 824
(Tex.Crim.App. 2005). 

Because the trial court assessed Appellant's sentence outside
the range of punishment for a second degree felony,[5]
a finding of true as to the enhancement paragraph was essential to support the
trial court's sentence of twenty-five years confinement.  Given the facts of this case, at least four
potential issues arise: 

(1) Did the trial court err by not taking a plea to
the enhancement      allegation?

(2)       Did the
trial court err by not making a finding of true to the enhancement allegation?

(3)       Was any
implied finding of true to the enhancement allegation supported by legally and
factually sufficient evidence?

(4)       Was the
error, if any, harmless?

 

 Therefore, having concluded
that an arguable ground for appeal exists affecting the punishment phase of
Appellant's trial, we grant Appellant=s counsel=s motion to withdraw, abate this
proceeding, and remand this cause to the trial court for the appointment of new
counsel.  See Bledsoe, 178 S.W.3d
at 827; Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.
1991).  

We direct the trial court to appoint new counsel to represent
Appellant on appeal by March 15, 2010. 
The trial court shall furnish the name, address, telephone number, and
state bar number of new counsel to the clerk of this Court immediately after
the appointment of counsel is ordered. 
Finally, the trial court shall cause its order appointing counsel to be
included in a supplemental clerk=s record which shall be filed with the Clerk of this Court by
March 26, 2010.  

Appellant=s brief shall be due forty-five days
from the date of the trial court=s appointment of new counsel. 
All other appellate deadlines, including the State's right to file
Appellee's brief, shall be in accordance with the Texas Rules of Appellate
Procedure.

It is so ordered.

Per Curiam

Do not publish.











[1]
Tex. Penal Code Ann. §
22.02.  (Vernon Supp.
2009).

 





[2]
If it is shown on the trial of a second degree felony that the defendant
has been once before convicted of a felony, on conviction he shall be punished
for a first degree felony.  Texas Penal
Code Ann. § 12.42(b)
(Vernon Supp. 2009).

 





[3]
For purposes of enhancement pursuant to Texas Penal Code § 12.42(b), an
adjudication by a juvenile court under section 54.03, Family Code, that a child
engaged in delinquent conduct on or after January 1, 1996, constituting a
felony offense for which the child is committed to the Texas Youth Commission
under section 54.04(d)(2), (d)(3), or (m), Family Code, or section 54.05(f),
Family Code, is a final felony conviction. 
See Tex. Penal Code Ann. § 12.42(f) (Vernon Supp.
2009).

 





[4]Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18
L.Ed.2d 493 (1967).





[5]
An individual adjudged guilty of a felony of the second degree shall be
punished by imprisonment for any term of not more than 20 years or less than 2
years.  Tex. Penal Code Ann. §12.33(a) (Vernon Supp.
2009).