NO. 07-04-0339-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 24, 2005

_____

VICTOR VASQUEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE COUNTY COURT OF HALE COUNTY;

NO. 2002C-948; HONORABLE BILL HOLLARS, JUDGE
_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant Victor Vasquez appeals his conviction for the offense of driving while intoxicated. Appellant contends that the evidence was not legally sufficient to support his conviction. We affirm.

During the early morning of October 27, 2002, Department of Public Safety Trooper Jerry Johnson observed a pickup truck parked on the shoulder of Interstate 27 with its lights off. During Johnson's investigation, he discovered three individuals asleep in the

truck, including appellant who was asleep in the driver's seat of the vehicle. Johnson observed cans of beer in the vehicle and smelled a strong odor of alcohol. During Johnson's discussion with appellant, appellant stated that he had stopped and parked the vehicle because he was not feeling right. After performing field sobriety tests, Johnson arrested appellant for driving while intoxicated.

At trial, appellant stipulated that he was intoxicated at the time of Johnson's investigation. However, appellant testified that he had not driven the truck and that he could, therefore, not be convicted for driving while intoxicated. The trial court found appellant guilty of the offense of driving while intoxicated and sentenced him to 180 days confinement in the Hale County Jail, a $500 fine, and suspension of his driver's license for 90 days. From this conviction, appellant appeals.

We review legal sufficiency by viewing the evidence in the light most favorable to the verdict to determine if any rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. King v. State, 29 S.W.3d 556, 562 (Tex.Crim.App. 2000). The conviction will be sustained unless it is irrational or unsupported by more than a mere modicum of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988). The fact finder is the sole judge of the credibility of the witnesses and of the weight to be afforded their testimony. Barnes v. State, 876 S.W.2d 316, 321 (Tex.Crim.App. 1994). Reconciliation of conflicts and contradictions in the evidence is within the fact finder's province and is usually conclusive. See Van Zandt v. State, 932 S.W.2d 88, 96 (Tex.App.–El Paso 1996, pet. ref'd).

To establish the offense of driving while intoxicated, the State must prove the defendant was intoxicated while operating a motor vehicle in a public place. TEX. PEN. CODE ANN. § 49.04(a) (Vernon 2003). The statute does not, however, define the term "operate." See Barton v. State, 882 S.W.2d 456, 459 (Tex.App.–Dallas 1994, no pet.). Operation of a motor vehicle is found when the totality of the circumstances demonstrate that the defendant took action to affect the functioning of a vehicle in a manner that would enable the vehicle's use. See Denton v. State, 911 S.W.2d 388, 390 (Tex.Crim.App. 1995).

In the present case, appellant contends that he took no action that would affect the truck in a manner that would enable its use. Appellant testified that he did not drive the truck to the location of Johnson's investigation. However, Johnson testified that appellant said, at the time of Johnson's investigation, that he stopped and parked the vehicle because he was not feeling well. Appellant did not object to this testimony. As appellant's and Johnson's testimony regarding whether appellant drove the vehicle to the location of Johnson's investigation is in conflict, and viewing the evidence in the light most favorable to the verdict, we conclude that the fact finder could reasonably conclude and that more than a mere modicum of evidence supports a finding that appellant was "operating" the truck in a public place while intoxicated. See Moreno, 755 S.W.2d at 867. Thus, we hold that the evidence is legally sufficient to sustain appellant's conviction.

Accordingly, we affirm the judgment of the trial court.

Mackey K. Hancock
Do not publish.                          Justice