Affirmed and Memorandum Opinion filed April 30, 2009








Affirmed and Memorandum Opinion filed April 30, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00091-CR

____________

 

BRYANT KEITH LAUGHLIN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the Chambers
County Court at Law

Chambers County, Texas

Trial Court Cause No. 23905-05

 



 

M E M O R A N D U M   O P I N I O N

A jury convicted appellant, Bryant Keith Laughlin, of
misdemeanor driving while intoxicated.  See Tex. Penal Code Ann. ' 49.04(a) (Vernon
2003).  The trial court
sentenced appellant to 180 days= confinement, probated for two years, and a $2,000.00 fine.  Appellant raises
three issues on appeal.  In his first issue, appellant contends the trial court
erred in denying his motion to suppress.  In his second and third issues,
appellant contends the evidence is legally insufficient to support the jury=s finding that
appellant was driving while intoxicated as defined by the Texas Penal Code.  We
affirm.








Factual and Procedural Background

In the
early morning hours of April 22, 2005, Chambers County Sheriff=s Office Patrol Deputy Shannon
Strybos was patrolling the Pinehurst neighborhood due to a string of recent
burglaries.  Toward the end of her shift, sometime between 3:00 a.m. and 5:30
a.m., Deputy Strybos observed a Ford pickup truck pulled over on the shoulder
of the road facing east toward State Highway 146.  The truck had not been there
on her previous round at approximately 2:30 or 3:00 a.m.  Deputy Strybos
decided to make another round of the neighborhood  and see if the truck was
still there when she returned.  After completing the round, at approximately
5:30 a.m., Deputy Strybos saw the truck was still parked in the same spot. 

Deputy
Strybos pulled her patrol car up behind the truck.  At that point, Deputy
Strybos noticed the truck was still running because its parking lights were
on.  Deputy Strybos decided to check whether anyone was in the truck.  When she
approached the driver=s side window, she noticed the windows were foggy, as if the
air conditioner was on.  Deputy Strybos shined her flashlight in the window to
get a better look and saw appellant apparently asleep in the driver=s seat.  She then began tapping on
the window to determine whether appellant was conscious.  After five minutes of
tapping and alerting dispatch of the situation, appellant finally awoke and
rolled down his window.  Immediately, Deputy Strybos detected a strong odor of
alcohol.  When Deputy Strybos asked him for his driver=s license and insurance she noticed
his speech was slurred.  








Deputy
Strybos asked appellant to step out of the vehicle and as he did so, she noted
the truck was in neutral. Deputy Strybos did not take notice of whether
appellant=s foot was on the break. When Deptuy Strybos asked appellant where he was
going, he replied he was going to the store to get something to drink and he
thought it was sometime around 10:00 p.m.  Deputy Strybos asked appellant to
move to the back of the vehicle, where he subsequently sat on the bumper of the
truck due to his unsteady balance.  When asked whether he had been drinking,
appellant stated he had, but that his last drink was around 10:00 p.m.  Deputy
Strybos decided it was not safe for appellant to be driving, so she requested a
State trooper to come to the scene for a possible field sobriety test.[1]

Less
than thirty minutes later, State Trooper Brigitte Hazleton arrived to conduct
the field sobriety test. When Trooper Hazleton arrived she also detected the
smell of alcohol on appellant and noticed appellant was unsteady on his feet. 
She then determined it was necessary to conduct a field sobriety test.  Before
conducting the test, Trooper Hazleton asked appellant why his car was parked on
the shoulder and whether he had been drinking.  Appellant responded he had been
drinking, had too much to drink, and decided he shouldn=t drive anywhere and that was why he
was parked on the shoulder.  When Trooper Hazleton asked appellant what time he
had consumed his last alcoholic beverage, appellant responded that it was
around 2:00 or 3:00 in the morning.  Appellant also stated  he believed it was
still around 2:00 or 3:00 in the morning.  The entire exchange was captured on
Trooper Hazleton=s in-car video camera.    

Trooper
Hazleton observed 11 out of 18 clues indicating intoxication during the field
sobriety test.  After determining appellant was intoxicated, Trooper Hazleton
arrested him for the offense of driving while intoxicated and placed him in the
back of her patrol car.  Appellant refused to submit a specimen of his
breath.          

Appellant
was subsequently found guilty of misdemeanor driving while intoxicated.  Prior
to trial, appellant filed a motion to suppress the evidence seized by Deputy
Strybos and Trooper Hazleton.  The trial court denied the motion to suppress
and allowed in the testimony of Deputy Strybos and Trooper Hazleton as well as
the video recorded by Trooper Hazleton=s in-car video camera.  








The
trial court sentenced appellant to 180 days= confinement, probated for two years,
and a $2,000.00 fine.  This appeal followed. 

Discussion

I.  Did the trial
court err in denying appellant=s motion to suppress? 

In his
first issue, appellant claims the trial court erred in denying his motion to
suppress because (1) Deputy Strybos had no legal reason to approach him, and
(2) his subsequent detention was unreasonably prolonged.  Therefore,
appellant contends, any evidence obtained pursuant to his detention, including
the video, Deputy Strybos and Trooper Hazleton=s testimony, and
the results of field sobriety tests, should have been suppressed because they
were the product of an illegal seizure.  The State argues the denial of the
motion to suppress was proper because (1) Deputy Strybos= approach of
appellant=s car was not a seizure requiring a warrant or an
exception thereto, and (2) the subsequent detention of appellant was not
unreasonable.

A.      Standard
of Review








A bifurcated standard of review is applied to a trial court=s ruling on a
motion to suppress evidence.  See Guzman v. State, 955 S.W.2d 85, 89
(Tex. Crim. App. 1997).  An appellate court affords almost total deference to a
trial court=s determination of historical facts supported by the
record, especially when the trial court=s findings are
based on an evaluation of credibility and demeanor.  Id.  The appellate
court affords the same amount of deference to a trial court=s ruling on mixed
questions of law and fact if the resolution of those questions turns on an
evaluation of credibility and demeanor.  Id.  The court reviews de novo
those questions not turning on credibility and demeanor.  Id.  At a
suppression hearing, the trial court is the exclusive trier of fact and judge
of the credibility of the witnesses.  Mason v. State, 116 S.W.3d 248,
256 (Tex. App.CHouston [14th Dist.] 2003, pet. ref=d).  If the trial
judge=s decision is
correct under any theory of law applicable to the case, the decision will be
sustained.  State v. Ross, 32 S.W.3d 853, 855B56 (Tex. Crim.
App. 2000).

B.      Analysis

1.  No seizure took
place when Deputy Strybos approached appellant=s 

               
vehicle.

The
Fourth Amendment of the United States Constitution protects persons against
unreasonable searches and seizures. U.S.
Const. amend. IV.  The Court of Criminal Appeals held a seizure does not
occur when an officer approaches a parked car in a public place and knocks on
the window.  See Merideth v. State, 603 S.W.2d 872, 873 (Tex. Crim. App.
1980); Stewart v. State, 603 S.W.2d 861, 861-62 (Tex. Crim. App. 1980); 
see also State v. Bryant, 161 S.W.3d 758, 760-62 (Tex. App.CFort Worth 2005, no pet.) (holding
defendant who was sitting in his vehicle parked in a public place was not
seized when police officer got out of his patrol car, approached defendant=s vehicle, and knocked on the window). 
Furthermore, no stop or detention occurs if a police officer merely approaches
a person in a public place and asks questions, as long as the person is free to
leave.  Ashton v. State, 931 S.W.2d 5, 7 (Tex. App.CHouston [1st Dist.] 1996, pet. ref=d).








Here,
appellant was approached by Deputy Strybos while sitting in his parked truck in
a public place.  Deputy Strybos did not ask appellant to roll down his window,
she only knocked until he awoke.  Thus, no seizure took place when Deputy
Strybos knocked on appellant=s window.  See Merideth, 603 S.W.2d at 873. 
Furthermore, there is nothing in the record indicating appellant was detained
or not free to leave at the time Deputy Strybos knocked on his window.  Cf.
Beasley v. State, 674 S.W.2d 762, 766-67 (Tex. Crim. App. 1982) (holding
defendants were Aseized@ where two patrol cars surrounded defendants= car and defendants were required to Aask@ for cigarettes from their truck). 
Consequently, appellant was not seized in any manner until after Deputy
Strybos had reasonable suspicion appellant may have been driving while
intoxicated.  See Merideth, 603 S.W.2d at 873 (finding seizure
did not occur until defendant opened his car door and the smell of marijuana
was detected).  Reasonable suspicion arose once appellant, at his own volition,
rolled down his window and Deputy Strybos detected a strong odor of alcohol and
noticed appellant=s speech was slurred.  See Goudeau v. State, 209
S.W.3d 713, 719-20 (Tex. App.CHouston [14th Dist.] 2006, no pet.) (holding bloodshot eyes,
slurred speech, and an open container of alcohol on the passenger=s seat gave rise to reasonable
suspicion defendant may have been driving while intoxicated).  Therefore, there
was no search and seizure requiring a warrant or an exception thereto[2]
at the time Deputy Strybos approached the vehicle and, accordingly, no
violation of appellant=s rights under the Fourth Amendment. 

2. Appellant failed to preserve error
on his allegedly prolonged                     detention.

As to
appellant=s argument that his detention was unreasonably prolonged, we hold
appellant waived this issue on appeal.  At the suppression hearing, appellant=s sole argument concerned the
applicability of the community caretaking function.  At no point did appellant
argue because the detention was prolonged its subsequent fruits were illegally
obtained.  This new argument is raised for the first time on appeal.  Where
appellant=s trial objections do not comport with his arguments on appeal, appellant
fails to preserve error on this issue.  Goff v. State, 931 S.W.2d 537,
551 (Tex. Crim. App. 1996).  We overrule appellant=s first issue.

 

 








II.  Is the evidence
legally sufficient to support appellant=s conviction?

In his
second and third issues, appellant contends (1) the evidence is legally
insufficient to support a conviction for driving while intoxicated and
(2) the evidence is legally insufficient for the jury to find appellant operated
a motor vehicle.[3] 

A.        Standard of Review

In a
legal sufficiency challenge, we view all the evidence in the light most
favorable to the verdict and determine whether any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979);
Salinas v. State, 163 S.W.3d 734, 737 (Tex. Crim. App. 2005).  This
standard of review applies to both direct and circumstantial evidence cases.  See
Hooper v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).  The jury, as the
sole judge of the credibility of the witnesses, is free to believe or
disbelieve all or part of a witness=s testimony.  See Jones v. State,
984 S.W.2d 254, 257 (Tex. Crim. App. 1998).  We do not engage in a second
evaluation of the weight and credibility of the evidence, but only ensure the
jury reached a rational decision.  Muniz v. State, 851 S.W.2d 238, 246
(Tex. Crim. App. 1993); Harris v. State, 164 S.W.3d 775, 784 (Tex. App.CHouston [14th Dist.] 2005, pet. ref=d).

B.        Analysis

1.  The evidence is legally
sufficient to support appellant=s conviction of       driving while
intoxicated.  








A person
commits the offense of driving while intoxicated if the person is intoxicated
while operating a motor vehicle in a public place.  Tex. Penal Code Ann. ' 49.04(a) (Vernon 2003).  Appellant
argues there is no evidence of intoxication at the time he was operating
his motor vehicle.  The critical inquiry here is whether there is proof from
which a fact finder could conclude appellant was intoxicated at the time of the
driving in question, in other words, a temporal Alink@ between his driving and the
intoxication.  See Zavala v. State, 89 S.W.3d 134, 139 (Tex. App.CCorpus Christi 2002, no pet.). 
Appellant claims there is no evidence showing how long he had been parked on
the side of the road and furthermore, he argues, it is entirely feasible he was
not intoxicated at the time he drove to that location.

The
evidence shows appellant was intoxicated when Deputy Strybos found him asleep
in the driver=s seat at approximately 5:30 a.m.  Furthermore, Trooper Hazleton=s HGN[4]
test and field sobriety tests, less than 30 minutes later, confirmed Deputy
Strybos= suspicion appellant was
intoxicated.  Appellant does not dispute he was intoxicated at the time the
officers found him in his truck.  The record also shows appellant=s truck arrived in its location
between 2:30 a.m. and 5:30 a.m.[5]  There is
some dispute as to the time appellant consumed his last alcoholic beverage. 
Deputy Strybos testified appellant stated his last drink was at 10:00 p.m., but
that he was confused as to what time it was when she approached him.  Trooper
Hazelton testified appellant stated his last drink was around 2:00 a.m. and
that he thought it was still near that time.  In either event, the police video
of appellant captured appellant stating that he had consumed Amore than he should have@ and that was why he had parked his
truck on the side of the  road.  








In sum,
appellant was intoxicated when Deputy Strybos approached him, his truck had
been parked on the side of the road for no more than three hours, and there is
no evidence appellant consumed alcohol while his truck was parked.  To the
contrary appellant admitted to having consumed alcohol before driving his truck
to its destination on the side of the road.  Thus, in light of the short amount
of time appellant=s truck could have been parked on the side of the road,
appellant=s admitted consumption of alcohol before driving, and his proven state of
intoxication when approached by the officers, a rational trier of fact could
conclude appellant had been intoxicated while operating a motor vehicle.  See
Zavala, 89 S.W.3d at 140 (holding evidence was legally sufficient to prove
appellant was intoxicated while driving where there was evidence he
consumed alcohol at 11:30 p.m. and was apprehended at the scene of a car
accident at 3:40 a.m.); Purvis v. State, 4 S.W.3d 118, 122 (Tex. App.CWaco 1999, no pet.) (holding evidence
was legally sufficient to prove appellant was intoxicated while driving
where she appeared intoxicated when found at scene of accident and admitted to
consuming alcohol before driving).  Accordingly, we overrule appellant=s second issue.

2.
The evidence is legally sufficient to support a finding appellant was                    operating
a motor vehicle.

In his
third issue, appellant contends there is no evidence to support a finding
appellant was operating a motor vehicle.  There is no statutory
definition of Aoperate.@  Barton v. State, 882 S.W.2d 456, 459 (Tex. App.CDallas 1994, no pet.).  However, the
Court of Criminal Appeals has held, to find operation of a motor
vehicle, Athe totality of the circumstances must demonstrate that the defendant
took action to affect the functioning of his vehicle in a manner that would
enable the vehicle=s use.@  Denton v. State, 911 S.W.2d 388, 390 (Tex. Crim.
App. 1995).  Under this standard, Aoperating@ a motor vehicle is interpreted very
broadly.  Strong v. State, 87 S.W.3d 206, 215 (Tex. App.CDallas 2002, pet. ref=d).  Because Aoperating a motor vehicle is defined
so broadly, any action that is more than mere preparation toward operating the
vehicle would necessarily be an Aaction to affect the functioning of
[a] vehicle in a manner that would enable the vehicle=s use.@  Id. at 216.  








Numerous
cases have upheld DWI arrests or convictions under the totality of the 
circumstances test even though the person Aoperating the motor vehicle@ was initially found  asleep or
unconscious.  For example, persons asleep or unconscious were found to be Aoperating@ their motor vehicle when the vehicle
was Aoddly parked@ in a parking lot with its headlights
on, engine running, and music playing loudly, Dornbusch v. State, 262
S.W.3d 432, 436 (Tex. App.CFort Worth 2008, no pet.); stopped on a roadway with its
engine idling, transmission in neutral, one foot on break and one on the
clutch, Barton, 882 S.W.2d at 457; stopped in a moving lane of traffic
with the engine running and the vehicle=s owner in the driver=s seat, Hearne v. State, 80
S.W.3d 677, 680 (Tex. App.CHouston [1st Dist.] 2002, no pet.).  We are faced with
similar facts here.

To
determine whether the trial court=s resolution of this question was
supported by legally sufficient evidence, we examine the totality of
circumstances to determine if appellant took action to affect the functioning
of his vehicle in a manner that would enable the vehicle=s use.  Denton, 911 S.W.2d at
390.  In this case, all parties agree appellant was found asleep in the driver=s seat of his truck parked on the
shoulder of the road with the parking lights on, the truck in neutral, and the
engine running.  We hold the evidence, viewed in the light most favorable to
the verdict, together with reasonable inferences therefrom, is legally
sufficient to show appellant operated a motor vehicle.  See Dornbusch,
262 S.W.3d at 438.  We overrule appellant=s third issue.

Conclusion

Having
considered and overruled each of appellant=s three issues on
appeal, we affirm the judgment of the trial court.

 

 

 

/s/        John
S. Anderson

Justice

 

Panel consists of Chief Justice Hedges and Justices Anderson
and Seymore.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 









[1]  Deputy Strybos was not certified in field sobriety
at this time.





[2]   Appellant assumed the State would argue the
community caretaking exception to the warrant requirement applies.  See
Corbin v. State, 85 S.W.3d 272, 276 (Tex. Crim. App. 2002) (A[E]ven without reasonable suspicion or probable cause
that an offense has been committed, a police officer may reasonably seize an
individual through the exercise of his community caretaking function.@).  The State specifically did not argue the community
caretaking exception applied, therefore, this is not a Acommunity caretaking case@ as appellant contends.  See Gutierrez v. State,
221 S.W.3d 680, 685 (Tex. Crim. App. 2007) (A[T]he
State shoulders the burden to prove that exception to the warrant requirement
applies.@). 





[3]  While we do not believe these two issues are
distinguishable, we will address appellant=s
issues as briefed.  





[4]   Horizontal Gaze Nystagmus test.





[5]   Deputy Strybos testified she was making rounds of
the neighborhood where appellant was apprehended and that appellant=s car appeared parked on the side of the road sometime
between 2:30 or 3:00 a.m. and 5:30 a.m.