Opinion filed June 30,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00279-CR

                                                    __________

 

                           JOSEPH
CHESTER POLLEY, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 385th District Court

 

                                                           Midland
County, Texas

 

                                                   Trial
Court Cause No. CR35861

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            Joseph
Chester Polley entered a plea of guilty to the offense of felony driving while
intoxicated and a plea of true to an enhancement allegation.  The trial court
assessed punishment at confinement for eight years.  We affirm.  

            In
his sole issue on appeal, appellant contends that the trial court erred in
finding that a Kansas conviction for driving under the influence could be used
as a prior conviction to enhance this offense to a third-degree felony.  See
Tex. Penal Code Ann. §
49.09(b)(2), (c)(1)(F) (Vernon 2011).  In Texas, a person commits the offense
of DWI if he “is intoxicated while operating a motor vehicle in a public
place.”  Tex. Penal Code Ann. §
49.04 (Vernon 2011).  Section 49.09(b)(2) provides that the offense of DWI is a
third-degree felony if it is shown that the person has two prior convictions[1]
“relating to the operating of a motor vehicle while intoxicated.”  Section
49.09(c)(1)(F) provides that an out-of-state conviction is an offense relating
to the operating of a motor vehicle while intoxicated if it is for “an offense
under the laws of another state that prohibit the operation of a motor vehicle
while intoxicated.”  

            Appellant
filed a motion to quash the indictment, contending that the use of an
out-of-state conviction did not meet the requirements of Section 49.09(c)(1)(F)
because Kansas law permits conviction on grounds other than the operation of a
motor vehicle.  During a pretrial hearing on the motion to quash, the trial
court ruled that the Kansas conviction could be used as a jurisdictional
enhancement in the indictment.  The sufficiency of an indictment presents a
question of law; therefore, we must review the trial court’s ruling on the
motion to quash under a de novo standard of review.  Smith v. State, 309
S.W.3d 10, 13-14 (Tex. Crim. App. 2010).

            The
record shows that a 1999 Kansas conviction for driving under the influence was
used as one of the two jurisdictional enhancements in the indictment.  The
Kansas law under which appellant was convicted provided:  “No person shall
operate or attempt to operate any vehicle within this state” while the alcohol
concentration in the person’s blood or breath is .08 or more or while the
person is under the influence of alcohol or drugs or a combination thereof to a
degree that renders the person incapable of safely driving.  Kan. Stat. Ann. § 8-1567 (1994). 
Appellant’s argument centers on Kansas’s inclusion of the words “attempt to
operate.”  Appellant asserts that Texas’s use of the words “operating” and “the
operation of” do not encompass an “attempt” to operate.  We disagree.  

            Under
the Kansas statute, “operate” means “drive.”  State v. Kendall, 58 P.3d
660, 664 (Kan. 2002).  In Texas, the term “operate” is not defined in the DWI
statutes, but it has been construed broadly to effectively include attempted DWI. 
Strong v. State, 87 S.W.3d 206, 215-16 (Tex. App.—Dallas 2002, pet.
ref’d).  In Dornbusch v. State, 262 S.W.3d 432 (Tex. App.—Fort Worth
2008, no pet.), and Barton v. State, 882 S.W.2d 456 (Tex. App.—Dallas
1994, no pet.), both courts upheld a DWI conviction where the defendant was not
driving the vehicle but was found asleep or passed out in the driver’s seat with
the engine running and, thus, had taken action to affect the functioning of the
vehicle in a manner that would enable the vehicle’s use.  The Texas Court of
Criminal Appeals, relying on the definition in Barton, held that
“operation does not necessarily involve driving” and that the term “operate”
means “[to take] action to affect the functioning of his vehicle in a manner
that would enable the vehicle’s use.”  Denton v. State, 911 S.W.2d 388,
389-90 (Tex. Crim. App. 1995). 

            Even
though the language used in the Kansas statute under which appellant was
convicted differs from the language of the Texas DWI statutes, the statutes in both
states prohibit the operation (using the Texas definition) of a motor vehicle
while intoxicated.  Therefore, the trial court did not err in allowing
appellant’s Kansas conviction to be included in the indictment pursuant to
Section 49.09(c)(1)(F) as one of two prior convictions used to increase the
current offense to a felony.  We overrule appellant’s issue. 

            The
judgment of the trial court is affirmed.  

 

 

                                                                                                JIM
R. WRIGHT

                                                                                                CHIEF
JUSTICE

 

June 30, 2011

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel[2]
consists of:  Wright, C.J.,

McCall, J., and Hill, J.[3]

 









[1]In addition to the Kansas conviction, the indictment
alleged that appellant had previously been convicted in Texas of DWI.

 





[2]Rick Strange, Justice, resigned effective April 17,
2011.  The justice position is vacant pending appointment of a successor by the
governor.





 

[3]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.