**Affirmed and Opinion Filed May 7, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00324-CR

**MARK ALLEN CLIFT, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 6**
**Collin County, Texas**
**Trial Court Cause No. 006-85128-2012**

## OPINION

Before Justices Moseley, Francis, and Lang
Opinion by Justice Lang

Mark Allen Clift appeals his conviction of driving while intoxicated. The jury found Clift guilty and the trial court assessed his punishment at one hundred twenty days of confinement and a $1,000 fine. The trial court suspended the imposition of Clift's sentence and placed Clift on community supervision for eighteen months. Clift raises two issues on appeal: (1) the evidence is insufficient to support his conviction; and (2) he suffered egregious harm when the trial court included an instruction in the jury charge that authorized the jury to convict him of driving while intoxicated if they found that he was intoxicated while "driving or operating a motor vehicle."

We conclude the evidence is sufficient to support Clift's conviction. Also, we conclude that, even though the trial court included an instruction in the jury charge that authorized the jury to convict Clift of driving while intoxicated if they found that he was intoxicated while "driving

or operating a motor vehicle," Clift has not shown that he suffered egregious harm. The trial court's judgment is affirmed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Camille Keller was driving home late at night when she saw the white Sport Utility Vehicle (SUV) in front of her braking in the middle of the road suddenly and drifting from side-to-side in the lane. The SUV was also "going in and out of the other lanes next to [them]." Keller called 9-1-1 to report what she saw because she was afraid the SUV would hit someone. The windows of the SUV were tinted and Keller could not see the driver of the vehicle. At the time, Keller did not see any other cars on the road. Keller observed the SUV driving in this manner for approximately five minutes.

While Keller was speaking to the 9-1-1 operator, the SUV turned into a parking lot from the middle lane without using its turn signal. Keller followed the SUV into the parking lot, but left when the 9-1-1 operator instructed her to leave the area. Keller drove through the parking lot and went home. As she drove through the parking lot, Keller did not see any vehicles parked there.

After approximately fourteen minutes, Officers Christopher Poligala and Marty Bass arrived at the parking lot. Poligala approached the SUV and saw Clift asleep in the driver's seat. The SUV's engine was turned off and the keys were not in the ignition. There were no other occupants in the SUV. Poligala knocked on the window hard and opened the unlocked door in order to wake Clift. Poligala observed that Clift had a strong odor of alcohol and slurred speech. Although Clift's initial statements to Poligala did not make sense, he was able to answer questions about medical conditions and eyeglasses after he got out of the SUV. Poligala asked Clift to explain the poor driving that had been reported and Clift responded that he was having girlfriend problems and he was on the phone with his girlfriend. When Poligala asked Clift if he

drove there, Clift responded "Yeah. I pulled into—into here." The SUV was registered to Clift and he admitted it was his vehicle. Poligala arrested Clift for driving while intoxicated and Clift responded "But I wasn't driving." Poligala understood Clift to be stating that he was not driving when Poligala contacted him. A blood specimen taken almost three hours later revealed that Clift's blood alcohol level was 0.176.

Clift was charged by information for the offense of driving while intoxicated with a blood alcohol concentration level of 0.15 or more at the time the analysis was performed. During Clift's trial, Karen Blackmon, Clift's girlfriend, testified she was driving the SUV, they were arguing in the vehicle, and she parked the SUV in the parking lot where she had previously left her car. Then, Blackmon stated that she exited the SUV, got into her car, and left. The jury found Clift guilty. The trial court assessed Clift's punishment at one hundred twenty days of confinement and a $1,000 fine, but suspended the imposition of his sentence and placed him on community supervision for eighteen months.

## II. SUFFICIENCY OF THE EVIDENCE

In issue one, Clift argues the evidence is insufficient to support his conviction. Clift contends the evidence was insufficient to establish he was driving the vehicle because the witness was unable to determine who the driver was or how many people were in the vehicle, and after a period of time, he was found asleep in the parked vehicle with no keys in the ignition. The State responds that Clift admitted to driving the vehicle and was the sole occupant when the police found him. Also, the State argues the police found Clift asleep in the driver's seat of the vehicle minutes after the 9-1-1 call reporting the erratic driving.

### A. Standard of Review

When reviewing the sufficiency of the evidence, an appellate court considers all of the evidence in the light most favorable to the verdict to determine whether the jury was rationally

justified in finding guilt beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979); *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012); *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010) (plurality op.). Appellate courts are required to determine whether any rational juror could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319; *Brooks*, 323 S.W.3d at 902 n.19. An appellate court is required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given to their testimony. *See Jackson*, 443 U.S. at 319, 326; *Merritt*, 368 S.W.3d at 525; *Brooks*, 323 S.W.3d at 899. All evidence, whether properly or improperly admitted, will be considered when reviewing the sufficiency of the evidence. *See McDaniel v. Brown*, 558 U.S. 120 (2010) (per curiam); *Lockhart v. Nelson*, 488 U.S. 33, 41–42 (1988); *Jackson*, 443 U.S. at 319.

### B. Applicable Law

Section 49.04 of the Texas Penal Code provides that "[a] person commits an offense if the person is intoxicated while operating a motor vehicle in a public place." TEX. PENAL CODE ANN. § 49.04 (West Supp. 2013). Driving while intoxicated is a class A misdemeanor if it is shown that "an analysis of a specimen of the person's blood . . . showed an alcohol concentration level of 0.15 or more at the time the analysis was performed. TEX. PENAL CODE ANN. § 49.04(d). A conviction for the offense of driving while intoxicated may be supported solely by circumstantial evidence, which is as probative as direct evidence. *Kuciemba v. State*, 310 S.W.3d 460, 462 (Tex. Crim. App. 2010).

The word "operating" is not defined in the penal code, but case law instructs that "'operate' is a common term that has not acquired a technical meaning and may be interpreted according to its common usage." *Kirsch v. State*, 357 S.W.3d 645, 650 (Tex. Crim. App. 2012). "Operate" means when "the totality of the circumstances . . . demonstrate[s] that the defendant

–4–

took action to affect the functioning of his vehicle in a manner that would enable the vehicle's use." *Denton v. State*, 911 S.W.2d 388, 390 (Tex. Crim. App. 1995); *see Abraham v. State*, 330 S.W.3d 326, 331 (Tex. App.—Dallas 2009, pet. dism'd). A defendant does not have to cause the vehicle to move or not move to operate it. *See Denton*, 911 S.W.2d at 389; *Barton v. State*, 882 S.W.2d 456, 459 (Tex. App.—Dallas 1994, no pet.).

### C. Application of the Law to the Facts

Clift does not challenge the evidence that he was intoxicated in a public place. He challenges only the sufficiency of the evidence to prove that he operated a motor vehicle. The totality of the circumstances in this case demonstrates that Clift took action to affect the functioning of his vehicle in a manner that would enable its use. Keller observed the SUV driving erratically and turn into a parking lot. She did not see any other cars in the parking lot. Even though Keller was unable to see the driver or the number of people in the SUV, fourteen minutes later, the police found the SUV in the parking lot with Clift alone and asleep in the driver's seat. Although the engine was not on and the keys were not in the ignition, when Poligala asked Clift to explain the poor driving that had been reported, Clift responded that he was having girlfriend problems and he was on the phone with his girlfriend. When Poligala asked Clift if he drove there, Clift responded "Yeah. I pulled into—into here." A conviction for the offense of driving while intoxicated may be supported solely by circumstantial evidence, which is as probative as direct evidence. *See Kuciemba*, 310 S.W.3d at 462.

Clift argues that his statement that he "pulled in here" is not an admission that he was operating the SUV. Poligala stated he understood this to be an admission that Clift was operating a motor vehicle. Also, Clift claims that he denied driving the SUV. However, Poligala stated that he understood Clift to be stating that he was not driving when Poligala contacted him. Further, Clift argues Blackmon's testimony demonstrates that he was not driving the SUV when

–5–

Keller witnessed the erratic driving. However, Clift's arguments go to the credibility of the witnesses. The jury is the sole judge of the witnesses' credibility and the weight to be given to their testimony. *See Jackson*, 443 U.S. at 319, 326; *Merritt*, 368 S.W.3d at 525; *Brooks*, 323 S.W.3d at 899.

Reviewing all of the evidence in the light most favorable to the jury's verdict, we conclude a rational jury could have found that Clift was operating a motor vehicle to support his conviction for driving while intoxicated. Issue one is decided against Clift.

### III. JURY CHARGE ERROR

In issue two, Clift argues that he suffered egregious harm when the trial court included an instruction in the jury charge that authorized the jury to convict him of driving while intoxicated if they found that he was intoxicated while "driving or operating a motor vehicle." He claims that the trial court's use of the word "driving" is an impermissible comment on the weight of the evidence because the central issue at trial was whether or not he was operating a motor vehicle. The State responds that the word "driving" was not a comment on the weight of the evidence because it is in the title of the offense charged. Also, the State argues Clift did not suffer egregious harm by the addition of the term "driving" to the charge because a common understanding of "operating a motor vehicle" includes driving.

### A. Egregious Harm

Article 36.19 of the Texas Code of Criminal Procedure establishes the standard for reversal on appeal when the requirements of article 36.14, which relates to the charge of the court, have been disregarded: "the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of [the] defendant, or unless it appears from the record that the defendant has not had a fair and impartial trial." TEX. CODE CRIM. PROC. ANN. art. 36.19 (West 2006). Under *Almanza*, jury charge error requires reversal of the

–6–

judgment when the defendant has properly objected to the charge and the appellate court finds "some harm" to his rights. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984). When the defendant fails to object or states that he has no objection to the jury charge, an appellate court will not reverse for jury charge error unless the record shows "egregious harm" to the defendant. *Ngo v. State*, 175 S.W.3d 738, 743–44 (Tex. Crim. App. 2005).

Egregious harm is a difficult standard to prove and such a determination must be done on a case-by-case basis. *See Gelinas v. State*, 398 S.W.2d 703, 710 (Tex. Crim. App. 2013). The actual degree of harm must be assayed in light of: (1) the entire jury charge; (2) the state of the evidence; (3) the argument of counsel; and (4) any other relevant information revealed by the record of the trial as a whole. *Allen v. State*, 253 S.W.3d 260, 264 (Tex. Crim. App. 2008); *Almanza*, 686 S.W.2d at 171. Errors which result in egregious harm are those that affect the very basis of the case, deprive the defendant of a valuable right, vitally affect the defensive theory, or make a case for conviction clearly and significantly more persuasive. *E.g., Taylor v. State*, 332 S.W.3d 483, 490 (Tex. Crim. App. 2011).

### B. Application of the Law to the Facts

First, we examine the entire jury charge. *See Allen*, 253 S.W.3d at 264; *Almanza*, 686 S.W.2d at 171. Section 49.04 of the Texas Penal Code is titled "Driving While Intoxicated" and provides that "[a] person commits an offense if the person is intoxicated while operating a motor vehicle in a public place." TEX. PENAL CODE ANN. § 49.04. The second paragraph at the beginning of the definition portion of the jury charge states, "Our law provides that a person commits an offense if the person is intoxicated while driving or operating a motor vehicle in a public place." The application paragraphs of the jury charge state:

> Now if you believe from the evidence beyond a reasonable doubt that on or about APRIL 26TH, 2012, [sic] in Collin County, Texas, MARK ALLEN CLIFT did then and there operate a motor vehicle in a public place while [Clift] was

intoxicated by not having the normal use of his mental faculties by reason of the introduction of alcohol in the body, then you will find [Clift] guilty as charged.

Or, if you find and believe from the evidence beyond a reasonable doubt that on or about APRIL 26TH, 2012, [sic] in Collin County, Texas, MARK ALLEN CLIFT did then and there operate a motor vehicle in a public place while [Clift] was intoxicated by not having the normal use of his physical faculties by reason of the introduction of alcohol in the body, then you will find [Clift] guilty as charged.

Or, if you find and believe from the evidence beyond a reasonable doubt that on or about APRIL 26TH, 2012, [sic] in Collin County, Texas, MARK ALLEN CLIFT did then and there operate a motor vehicle in a public place while [Clift] was intoxicated by having an alcohol concentration of at least 0.08, then you will find [Clift] guilty as charged.

(emphasis in orig.).  Neither the State nor Clift objected to the trial court's charge.

The application portion of the trial court's jury charge alleged three theories by which the jury could have found Clift guilty.  Although the definition portion of the jury charge includes "driving or operating a motor vehicle," the application paragraphs limited the offense to "operate a motor vehicle."

Second, we review the state of the evidence.  *See Allen*, 253 S.W.3d at 264; *Almanza*, 686 S.W.2d at 171.  There is testimony in the record that Keller observed the SUV driving erratically and turn into a parking lot.  Fourteen minutes later, the police found the SUV in the parking lot with Clift alone and asleep in the driver's seat.  When Poligala asked Clift to explain the poor driving that had been reported, Clift responded that he was having girlfriend problems and he was on the phone with his girlfriend.  When Poligala asked Clift if he drove there, Clift responded "Yeah.  I pulled into—into here."  Poligala testified that after he arrested Clift for driving while intoxicated, Clift responded "But I wasn't driving."  Poligala stated he understood Clift to be stating that he was not driving when  Poligala contacted him.  Blackmon testified she was driving the SUV and her argument with Clift affected her driving.

Third, we review the argument of counsel. *See Allen*, 253 S.W.3d at 264; *Almanza*, 686 S.W.2d at 171. In its first part of the closing argument, the State referred to Clift's operating a motor vehicle, stating "through the evidence, [Clift] was not only intoxicated, but was, in fact operating his car in a public place in Collin County on April 26th," "You have the testimony of Officer Poligala regarding how he found [Clift] and all of the signs of intoxication and signs of operating a motor vehicle that he saw," and "we're going to go through all the reasons that you will know that [Clift] was, in fact, not only intoxicated, but operating his car that night." During defense counsel's closing argument, he referred to both operating and driving. Defense counsel told the jury "If you have a reasonable doubt that Mark Clift was operating that vehicle, you must find him not guilty." Also, defense counsel argued "If you have a reasonable doubt that Mr. Clift wasn't driving—and that's really the only issue." In addition, defense counsel concluded his closing argument with the following:

> The only issue—was there a motor vehicle there? Yes, there was. The only issue is, you know, to simplify, was he operating it? I would argue there is plenty of reasonable doubt. Have a witness who says, "He was not. It was parked in the same spot, when I saw that video, that I put it in. He did not drive that vehicle."

In the second part of the State's closing argument, the State referred to both operating and driving. The State argued "[Clift] says, when asked, that he was driving unsafely because he was on the phone with his girlfriend. That's what he said. He said, 'I was driving that way because I was on the phone.'" Also, the State argued, "[the witness] simply saw somebody who was driving poorly, knew that it was unsafe, and called 911," and "Just because he was parked there at that moment doesn't mean that he wasn't driving in order to get to that parking space." The State concluded its closing argument, stating "I'm confident that now you've heard all the testimony and you've heard—you've seen all the evidence, that you're going to be able to find that the defendant was not only intoxicated, but that he was operating his motor vehicle in a public place in Collin County, Texas, on April 26th."

–9–

Finally, we consider any other information revealed by the record of the trial as a whole. *See Allen*, 253 S.W.3d at 264; *Almanza*, 686 S.W.2d at 171. The information read aloud to the jury included "on or about the 26th day of April, 2012 in the County of Collin and State of Texas, [Clift] did then and there operate a motor vehicle in a public place while the said defendant was intoxicated . . ."

Even though the trial court included a one-time instruction at the beginning of the jury charge that defined the charged offense as "driving or operating a motor vehicle," we conclude that Clift has not shown that the error, if any, resulted in egregious harm. Issue two is decided against Clift.

## IV. CONCLUSION

The evidence is sufficient to support Clift's conviction. Also, even though the trial court included an instruction in the jury charge that the offense was "driving" or "operating" a motor vehicle, Clift has not shown that he suffered egregious harm.

The trial court's judgment is affirmed.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

130324F.U05

–10–



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

MARK ALLEN CLIFT, Appellant

No. 05-13-00324-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 6, Collin County, Texas
Trial Court Cause No. 006-85128-2012.
Opinion delivered by Justice Lang. Justices Moseley and Francis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 7th day of May, 2014.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE