**Candace BOYLE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–89–00095–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 24, 1989.

Lawrence S. Rothenberg, Houston, for appellant.

Jeannine Southwick, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

## OPINION

JUNELL, Justice.

The trial court convicted appellant of driving while intoxicated and the court assessed punishment at 180 days in jail, probated, plus a $250.00 fine. In one point of error appellant challenges the sufficiency of the evidence to support her conviction, contending that there was insufficient evidence to prove that she was driving or operating a motor vehicle. We affirm.

Sergeant R.A. Armbruster of the Houston Police Department testified that on Saturday, October 15, 1988, at about 4:45 p.m., he was driving westbound on the Katy Freeway in moderate to heavy traffic. Several cars ahead of him braked rapidly and then moved to another lane of traffic. The officer stopped his vehicle behind ap-

pellant's vehicle, which was stopped in the left-hand west-bound lane of traffic. Then the officer got out of his vehicle and walked up to appellant's vehicle. At that point he observed appellant sitting in the driver's seat of her vehicle with the engine running, the car in gear and her foot on the brake pedal. The emergency brake was not on. Appellant was sitting upright but resting her head on the headrest and her hands were not on the steering wheel. She had between her legs a cup of what appeared to be an alcoholic beverage. She was alone in the car and there was no other person on foot nearby.

When the officer walked up to appellant's vehicle, he immediately asked her for identification. She was able to identify who she was, but she appeared to be confused as to where she was going or what she was doing at the time.

Sergeant Armbruster put the car in park, turned off the ignition and called for another patrol car, while appellant remained seated in her vehicle. When officer M.A. Boyle arrived, appellant's vehicle was moved out of traffic and Boyle administered field sobriety tests. He determined that appellant was intoxicated. She was arrested and a wrecker was called to tow her car.

Appellant's point of error contends that there was insufficient evidence to prove that she was *operating* a motor vehicle. We hold that the evidence was sufficient to prove that appellant was operating a motor vehicle while intoxicated.

■ In reviewing the insufficient evidence point, we must determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *McGoldrick v. State,* 682 S.W.2d 573, 577 (Tex.Crim.App.1985). The essential elements in this case are that appellant was intoxicated while driving or operating a motor vehicle in a public place. TEX. REV.CIV.STAT.ANN. art. 67011-1(b); *Coleman v. State,* 704 S.W.2d 511 (Tex. App.—Houston [1st. Dist.] 1986, pet. ref'd.)

■ This case is distinguishable from the facts in *Reddie v. State,* 736 S.W.2d 923 (Tex.App.—San Antonio 1987, pet. ref'd.) and in *Ballard v. State,* 757 S.W.2d 389 (Tex.App.—Houston [1st. Dist.] 1988, no pet.). In both of those cases the defendant was found asleep in a parked car and there was no indication how the defendant arrived there, or if he arrived there intoxicated. In the instant case appellant's car was stopped in moderate to heavy traffic in a lane of the freeway. She was not asleep, she had her foot on the brake pedal, the car was in gear and the engine was running. From the position of the car on a busy highway, the testimony that there was no other person around, and the fact that appellant was found with her foot still pressing the brake pedal and the car in gear, the trier of fact was justified in concluding that appellant was operating a motor vehicle. This evidence was sufficient to allow a rational trier of fact to find appellant guilty of driving while intoxicated. Appellant's point of error is overruled.

The judgment is affirmed.