**Carl Douglas RAY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 05-90-01092-CR.

Court of Appeals of Texas, Dallas.

June 5, 1991.

Richard K. Franklin, Plano, for appellant.

Donald G. Davis, Dallas, for appellee.

Before WHITHAM, KINKEADE and WHITTINGTON, JJ.

## OPINION

WHITTINGTON, Justice.

Carl Douglas Ray appeals his conviction for driving or operating a motor vehicle while intoxicated. The court assessed punishment at thirty days' confinement in the Dallas County Jail and a $400 fine, probated for twenty-four months. As his sole ground of error, Ray complains that the evidence submitted to the trial court is insufficient to support the conviction. We affirm the trial court's judgment.

## FACTS

On September 26, 1988, at approximately 10:30 p.m., Mesquite police officer R.N. Bishop was patrolling Interstate 20. A passing motorist told him that he was needed at a nearby intersection, where a driver of a vehicle who appeared to be drunk had come to a stop in the middle of the roadway. Upon arriving at the intersection, Officer Bishop saw an eighteen-wheel truck stopped at the traffic control with a gray Chevrolet vehicle stopped cross-ways in the traffic lanes five feet behind it. The Chevrolet straddled the center stripe and blocked both lanes. Officer Bishop parked his patrol vehicle and walked over to the gray Chevrolet, where he observed a man slumped over the steering wheel. The vehicle's engine was running, the driver's foot was depressing the brake pedal, and the car's gear shift was still in "drive." After tapping on the driver's side window and receiving no response from the man in the driver's seat, Officer Bishop opened the driver's door. The man swayed noticeably as he sat up. The officer reached into the vehicle, moved its gear shift to "park," and turned off the ignition. When the officer asked the man to step out of the vehicle, he nearly fell to the ground while complying with the request. The driver then furnished the officer with identification disclosing that he was appellant, Carl Douglas Ray.

## OPERATING A MOTOR VEHICLE WHILE INTOXICATED

In reviewing a sufficiency of the evidence point, we must determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App.1989). The

Texas "driving while intoxicated" law provides:

> A person commits an offense if the person is intoxicated while driving or operating a motor vehicle in a public place.

TEX.REV.CIV.STAT.ANN. art. 6701*l*-1(b) (Vernon Supp.1991). Ray has stipulated that he was intoxicated at the time; however, he has not stipulated that he was driving or operating the vehicle.

Appellant relies on *Reddie v. State*, 736 S.W.2d 923, 925–27 (Tex.App.—San Antonio 1987, pet. ref'd), for the applicable definition of "operate" in relation to his charged offense. Our case is distinguishable from *Reddie* in that the defendant in *Reddie* was found asleep in an intoxicated state in his idling vehicle in "parked" gear without any indication of how he had arrived there or what he was doing in the driver's seat. *Reddie*, 736 S.W.2d at 927. Here, Ray's vehicle, with its engine running, was stopped crosswise at an intersection behind an eighteen-wheel truck. Ray was slumped behind the steering wheel with his foot depressing the brake pedal and holding the car in place, even though the car's transmission was turning in "drive."

The trier of fact was justified in finding that Ray was operating a motor vehicle. *See Boyle v. State*, 778 S.W.2d 113, 114 (Tex.App.—Houston [14th Dist.] 1989, no pet.). The defendant in *Boyle* stopped her vehicle in a lane on a busy highway, had her foot still pressing the brake pedal and the car in gear. *Boyle*, 778 S.W.2d at 114. The totality of the evidence in Ray's case similarly supports a rational trier of fact's finding that Ray was guilty of driving or operating a motor vehicle while intoxicated. *See Boyle*, 778 S.W.2d at 114. Appellant's point of error is overruled.

We affirm the trial court's judgment.