

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-16-00127-CR

JOSE A. CASTILLO                                                                    APPELLANT

V.

THE STATE OF TEXAS                                                                       STATE

----------

### FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 1416281D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Jose A. Castillo appeals from his conviction for felony driving while intoxicated (DWI) and three-year sentence. He argues that the trial court erred by denying his motion for directed verdict based on the lack of evidence that he operated a motor vehicle. Because the evidence was sufficient to show

----

[1]*See* Tex. R. App. P. 47.4.

that Castillo operated a vehicle, we conclude as a matter of law that the trial court did not err by denying his motion for directed verdict.

David Mige, a tow-truck driver, was driving on Interstate 35 at 2:30 a.m. on April 20, 2015. After Mige saw a car in front of him erratically swerve out of the left lane into the right lane, Mige saw a silver Honda Civic sitting stationary in the left lane of the highway, which had no shoulder at that point. Mige parked his truck behind the car and turned on his beacon hazard lights in an attempt to protect any occupants. Mige approached the driver, the sole occupant, who was attempting to start the car. The driver, who smelled of alcohol, told Mige that he had run out of gas and asked for help getting his car off the highway.[2] Mige called the police, but when officers arrived, the driver fled on foot. Based on Mige's description, the officers eventually found the driver, later identified as Castillo, in a nearby empty field under a tree approximately thirty minutes after Castillo had fled. When he was found, Castillo had the keys to the silver Honda Civic in his hand. The officers arrested Castillo and obtained a search warrant for his blood, which revealed that his blood-alcohol concentration was 0.115. During their inventory search of Castillo's car, the officers found no alcohol or alcohol containers.

Castillo was indicted with felony DWI based on his two prior DWI convictions. *See* Tex. Penal Code Ann. §§ 49.04(a), 49.09(b)(2) (West Supp.

---

[2]On this section of the highway, it would be "very unusual" for a stalled car positioned in a lane of traffic to go unreported for any length of time.

2016). Castillo pleaded true to the two prior convictions and stipulated to the results of his blood test. *See* Tex. Code Crim. Proc. Ann. art. 1.15 (West 2005). After the State rested its case-in-chief—during which the State called as witnesses Mige, the responding officers, and an officer who unsuccessfully attempted to administer field-sobriety tests—Castillo moved for a directed verdict of acquittal, arguing that the State had failed to introduce any evidence that he was "operating" the car. Tex. Penal Code Ann. § 49.04(a). The trial court denied the motion. Castillo and the State then rested and closed the evidence, and the jury found Castillo guilty of felony DWI as charged in the indictment. After hearing punishment evidence, the jury assessed Castillo's punishment at three years' confinement.

In his sole issue, Castillo argues that the trial court erred by denying his motion for directed verdict in the absence of any evidence that he was operating the car while intoxicated. He specifically asserts that no witness testified that Castillo was "operating a motor vehicle while intoxicated, or even simply operat[ing] a vehicle." In making this argument, he focuses on the fact that his car engine was off and the car was stationary when Mige approached him.

As this is an attack on the sufficiency of the evidence, we look at all the evidence in the light most favorable to the verdict to determine whether any rational fact-finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Jenkins v. State*, 493 S.W.3d 583, 599 (Tex. Crim. App. 2016);

3

*McDuff v. State*, 939 S.W.3d 607, 613 (Tex. Crim. App.), *cert. denied*, 522 U.S. 844 (1997). This standard applies in direct- and circumstantial-evidence cases because circumstantial evidence is as probative as direct evidence in establishing guilt. *Jenkins*, 493 S.W.3d at 599.

There is no statutory definition of "operating" as used in section 49.04(a); however, the court of criminal appeals has held that a person operates a vehicle when "the totality of the circumstances . . . demonstrate[s] that the defendant took action to affect the functioning of his vehicle in a manner that would enable the vehicle's use." *Denton v. State*, 911 S.W.2d 388, 390 (Tex. Crim. App. 1995). This definition allows a fact-finder to broadly interpret whether the defendant was operating a motor vehicle under section 49.04(a). *See Kirsch v. State*, 366 S.W.3d 864, 868 (Tex. App.—Texarkana 2012, no pet.). Accordingly, "any action that is more than mere preparation toward operating the vehicle" would qualify as "operating" that vehicle, even actions that fall short of actually driving the vehicle. *Denton*, 911 S.W.2d at 389, 390; *see Smith v. State*, 401 S.W.3d 915, 919–20 (Tex. App.—Texarkana 2013, pet. ref'd).

It is true that no witness saw Castillo driving the car or testified that the car's engine was running. But Mige found Castillo stopped in a lane of traffic on a highway, attempting to start the car. Although the engine would not turn over, the car's radio "would go on" when Castillo tried to start the car. Castillo admitted to Mige that he had run out of gas and asked Mige to help him get the car off the highway. Mige stated that Castillo was "in distress like . . . he was trying to get

4

somewhere." This evidence, viewed in the light most favorable to the verdict, allowed a reasonable fact-finder to conclude that Castillo was operating the car. *See Marroquin v. State*, No. 08-12-00316-CR, 2014 WL 1274136, at \*2–3 (Tex. App.—El Paso Mar. 28, 2014, pet. ref'd) (not designated for publication); *Kirsch*, 366 S.W.3d at 868. To the extent Castillo argues that there was no temporal connection established between his operation of the car and his intoxication, which he stipulated to, the circumstantial facts that no alcohol was found in Castillo's car, that Castillo was stalled in a lane of a public highway, and that such stalled cars usually would be promptly reported allowed a reasonable fact-finder to conclude that Castillo was intoxicated while operating the car. *See Kuciemba v. State*, 310 S.W.3d 460, 462–63 (Tex. Crim. App. 2010); *Kirsch*, 366 S.W.3d at 868; *Gilliland v. State*, No. 06-11-00054-CR, 2011 WL 3862861, at \*2 (Tex. App.—Texarkana Sept. 2, 2011, no pet.) (mem. op., not designated for publication).

Accordingly, after viewing the evidence in the light most favorable to the verdict, we hold that a rational trier of fact could have found that Castillo operated his car while legally intoxicated and that the evidence, therefore, was sufficient to support his conviction. *See, e.g.*, *Gunter v. State*, 327 S.W.3d 797, 800–01 (Tex. App.—Fort Worth 2010, no pet.). We overrule Castillo's issue and affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  GABRIEL, SUDDERTH, and KERR, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  March 30, 2017