

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00352-CR

———————————————

TOBY WAYNE ZIMMERMAN, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 415th District Court
Parker County, Texas
Trial Court No. CR19-0202

---

Before Gabriel, Bassel, and Womack, JJ.
Memorandum Opinion by Justice Gabriel

## MEMORANDUM OPINION

Appellant Toby Wayne Zimmerman appeals from his conviction for felony driving while intoxicated (DWI). *See* Tex. Penal Code Ann. §§ 12.42(d), 49.04(a), 49.09(b). He argues two points on appeal: (1) the evidence was insufficient to show that he "operated" a motor vehicle while intoxicated and (2) his warrantless arrest was unlawful because the offense alleged was not committed in the arresting officer's presence. Because the evidence allowed a rational fact-finder to reasonably infer that Zimmerman, even though asleep at the wheel, was intoxicated while operating a running vehicle, the evidence is sufficient to support his conviction. Moreover, because Zimmerman failed to raise his warrantless-arrest complaint in the trial court, he did not preserve this issue for our review. Therefore, we affirm the trial court's judgment.

## I. BACKGROUND

After midnight on December 29, 2018, Officer John Baker of the Weatherford Police Department was dispatched to a stop sign to check on the welfare of a man who had been seen "sleeping or passed out behind the wheel" of his truck. When he arrived, Baker found Zimmerman alone and asleep in the driver's seat. Zimmerman's truck was stopped at a stop sign at an intersection with the engine running. After several attempts, Baker finally woke Zimmerman. When Baker opened the door, he smelled alcohol and realized that the truck was "in drive" and that Zimmerman's foot was on the brake.

Zimmerman slurred his responses to Baker's questions. Zimmerman said that he was on his way home after attending a birthday party and that he had had too much to drink. He told Baker that he had consumed twelve beers and had finished drinking about fifteen minutes before their encounter. After Zimmerman got out of the truck, he swayed and almost fell down. Baker conducted two field-sobriety tests, which Zimmerman failed. Baker then arrested Zimmerman for DWI. A grand jury indicted Zimmerman with felony DWI. At trial, the jury found Zimmerman guilty of the indicted offense and assessed his punishment at life confinement. The trial court entered judgment accordingly.

## II. SUFFICIENCY OF THE EVIDENCE TO SHOW OPERATION OF A VEHICLE WHILE INTOXICATED

In his first issue, Zimmerman contends that there was insufficient evidence that he operated a motor vehicle or that he was intoxicated when he did so. As this is an attack on the sufficiency of the evidence, we look at all the evidence in the light most favorable to the verdict to determine whether any rational fact-finder could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Stahmann v. State*, 602 S.W.3d 573, 577 (Tex. Crim. App. 2020). This standard applies in direct- and circumstantial-evidence cases because circumstantial evidence is as probative as direct evidence in establishing guilt. *Nisbett v. State*, 552 S.W.3d 244, 262 (Tex. Crim. App. 2018).

3

Under the Texas Penal Code, "[a] person commits an offense if the person is intoxicated while *operating* a motor vehicle in a public place." Tex. Penal Code Ann. § 49.04(a) (emphasis added). A person operates a motor vehicle when "the totality of the circumstances . . . demonstrate[s] that the defendant took action to affect the functioning of his vehicle in a manner that would enable the vehicle's use." *Denton v. State*, 911 S.W.2d 388, 390 (Tex. Crim. App. 1995). A fact-finder may broadly interpret whether the defendant was operating a motor vehicle under Section 49.04(a). *See Kirsch v. State*, 366 S.W.3d 864, 868 (Tex. App.—Texarkana 2012, no pet.). Accordingly, "any action that is more than mere preparation toward operating the vehicle" would qualify as "operating" that vehicle, even actions that fall short of actually driving the vehicle. *Denton*, 911 S.W.2d at 389–90; *see Smith v. State*, 401 S.W.3d 915, 919–20 (Tex. App.–Texarkana 2013, pet. ref'd).

Although no one saw Zimmerman driving his truck during the night in question, Baker testified that he found Zimmerman asleep in the driver's seat with the engine running at an intersection stop sign. Moreover, Zimmerman's truck was "in drive" while his foot remained on the brake pedal. Zimmerman admitted that he had had twelve beers that night at a birthday party, that he was on his way home from that party, and that he had had his last drink a mere fifteen minutes earlier. Baker noticed a smell of alcohol, and Zimmerman could not pass the field-sobriety tests.

Accordingly, after viewing the evidence in the light most favorable to the verdict, we hold that a rational trier of fact could have reasonably inferred that

4

Zimmerman operated his car while intoxicated and that the evidence, therefore, was sufficient to support his conviction. *E.g.*, *Murray v. State*, 457 S.W.3d 446, 449–50 (Tex. Crim. App. 2015); *Crawford v. State*, 496 S.W.3d 334, 340 (Tex. App.—Fort Worth 2016, pet. ref'd); *Dornbusch v. State*, 262 S.W.3d 432, 437–38 (Tex. App.—Fort Worth 2008, no pet.); *Ray v. State*, 816 S.W.2d 97, 98 (Tex. App.—Dallas 1991, no pet.); *Boyle v. State*, 778 S.W.2d 113, 114 (Tex. App.—Houston [14th Dist.] 1989, no pet.). We overrule Zimmerman's first issue.

## III. PRESERVATION OF WARRANTLESS-ARREST COMPLAINT

In his second issue, Zimmerman contends that his warrantless arrest was unlawful because he did not commit DWI in the presence or view of an officer; therefore, any evidence obtained as a result of the arrest was inadmissible. *See* Tex. Code Crim. Proc. Ann. arts. 14.01(b), 38.23(a). However, Zimmerman did not seek to suppress any evidence arising from his arrest or object to the admission of any such evidence on these statutory bases.[1] Thus, he has failed to preserve this issue for our review.[2] *See* Tex. R. App. P. 33.1(a)(1)(A); *Buchanan v. State*, 207 S.W.3d 772, 776 (Tex.

---

[1]Zimmerman filed pretrial motions to suppress, but he did not raise Article 14.01 as a suppression basis; rather, he attacked the warrantless search by which his blood sample was obtained. The alcohol-concentration results were not admitted at trial.

[2]Even if Zimmerman had preserved his argument, we would conclude that the totality of the information known to Baker at the scene provided the requisite probable cause to support the arrest. *See State v. Woodard*, 341 S.W.3d 404, 414 (Tex. Crim. App. 2011); *see also Bell v. State*, No. 02-17-00299-CR, 2019 WL 4010227, at *6 (Tex. App.—Fort Worth Aug. 26, 2019, no pet.) (mem. op., not designated for

Crim. App. 2006); *Allen v. State*, 536 S.W.2d 364, 369 (Tex. Crim. App. 1976); *Borne v. State*, 593 S.W.3d 404, 416 (Tex. App.—Beaumont 2020, no pet.).  We overrule issue two.

## IV.  CONCLUSION

Having overruled Zimmerman's appellate issues, we affirm the trial court's judgment.  *See* Tex. R. App. P. 43.2(a).

/s/ Lee Gabriel

Lee Gabriel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  October 29, 2020

---

publication) ("When sufficient evidence supports a probable-cause finding to arrest someone for the offense of public intoxication committed in the officer's presence, the arrest is not invalid merely because the officer labels the offense 'driving while intoxicated.'"); *Alonzo v. State*, 251 S.W.3d 203, 210 (Tex. App.—Austin 2008, pet. ref'd) (same).